Andrew J. Williams, executor, *et al.*, executrix, plaintiffs in error, *vs.* James A. Atwood *et al.*, executors, *et al.*, defendants in error.

1. The execution must follow the judgment, and not following it either in respect to the parties or the amount, it is an illegal process; if amended, the levy falls.

2. This case, as now presented, was substantially decided by this court when here before.

Executions. Levy and sale. Amendment. Before Judge Clark. Sumter Superior Court. April Term, 1876.

Reported in the opinion.

Hawkins & Hawkins; Allen Fort, for plaintiffs in error.

LANIER & ANDERSON; B. P. HOLLIS; GUERRY & SON, for defendants.

JACKSON, Judge.

This identical case was before this court, and a decision pronounced thereon, in 52 *Georgia Reports*, 585. The only difference in the facts is, that from the record then before the court it did not appear that any judgment was entered upon the confession of judgment; whereas, now it appears that the clerk once saw such a judgment, but it has been lost. But it still appears, even if the recollection of the clerk could be allowed to supply the judgment on the trial of a claim case, that the execution does not follow such judgment as recollected by the clerk, either as respects the amount or the parties. The levy was dismissed before, and it was affirmed by this court on two grounds: First, because the *fi. fa.* did not follow the judgment, considering the confession as the judgment, either as regards the parties or the amount; and second, because there was no judgment entered on the confession. If the latter is now cured, the former is not; and if the *fi. fa.* were amended, the levy must fall: Code; section 3495; *Manry et al. vs. Sheppard,* decided during the present term. The court, therefore, was clearly right in dismissing the levy, and the judgment is affirmed: See Code, sections 3636, 3495; 52 *Georgia Reports,* 585.

Judgment affirmed.