## BOWEN vs. FRICK & COMPANY.

1. Where, on the trial of a claim case, the claimants relied upon a contract of sale by which they retained title in themselves until payment should be made, and counsel for plaintiff in *fi. fa.* proposed to ask a witness where the property was and who had it in possession, stating that the object of such proposed evidence was to show that plaintiffs had made another sale of the property and were receiving pay from some other person, there was no error in rejecting the question offered. It does not appear how it was possible, from the location and possession of the property, to deduce the conclusion sought to be reached, especially as it had been fully shown that the claimants had never been paid for it, and the evidence repelled the presumption that they in any way participated in the arrangements by which it passed into the hands of the defendants.

2. The fact that the claimants had brought suit and obtained judgment for the purchase money against the persons who bought the property from them, and from whom the defendants in *fi. fa.* had purchased it, did not authorize the assumption that they had elected to proceed for the price, and had thereby given up all right to proceed against the property.

3. The act of 1881 (Code, §1955(a)( is not retroactive, and a contract for the conditional sale of personalty, with the retention of title to secure the purchase money, made prior to the passage of that act, does not fall within its terms.

(a.) Besides the objection to the contract in this case was not specially made on the ground of not being recorded.

(b.) Exceptions not having been taken to the introduction of notes for want of proof of execution, the necessity for such proof was waived.

(c.) Parol testimony is admissible to apply a writing to its subject.

October 20, 1885.

Sales. Evidence. Conditional Sales. Election. Debtor and Creditor. Evidence. Waiver. Before Judge KIBBEE. Dodge Superior Court. November Adjourned Term, 1883.

Reported in the decision.

DeLACY & BISHOP, by J. H. LUMPKIN, for plaintiff in error.

ROBERTS & SMITH, for defendants.

HALL, Justice.

The plaintiff caused a certain *fi. fa.*, issuing upon the enforcement of a laborer's lien, to be levied by the sheriff of Dodge County upon a steam saw-mill and its appurtenances, the same being a Frick & Co. engine and boiler, as the property of defendants in execution, and then operated by them. The property thus levied on was claimed by Frick & Co., and upon the issue formed on this levy and claim the jury found the property not subject, and thereupon the plaintiff excepted to certain rulings and decisions of the court, and brought the case here by bill of exceptions and writ of error for review. It seems that on 17th March, 1881, Powell & Co. purchased from the claimants the engine and boiler in dispute on time, and gave them therefor two promissory notes for $500 each, payable at different dates. Each of these notes contained a stipulation to the effect that the title to this machinery should remain in the claimants until the amounts specified in them should be fully paid. When these notes were tendered in evidence, the plaintiff objected to their introduction for the purpose of showing title in the claimants, and this objection being overruled, he excepted, and this is the first error assigned.

The claimants then offered a witness, who identified the machinery levied on as that mentioned in the notes given by Powell & Co. to the claimants, and who also swore that the same was sold to the defendants by Powell & Co., they notifying defendants that it was still liable for the unpaid purchase money. To this testimony the plaintiff also objected, upon the ground that the engine and boiler could not be identified as the property to which claimants retained title in the sale by them to Powell & Co., by parol evidence. This objection was likewise overruled, and the plaintiff excepted. This is the second error assigned. Plaintiff then offered in evidence a judgment in favor of claimants, founded on the foregoing

notes of Powell & Co., for the purpose of showing, as he alleges, that claimants had elected to pursue Powell & Co., the makers of the notes, instead of proceeding to recover the property, which evidence, upon objection, was repelled, and on this ruling the plaintiff assigns his third error.

Plaintiff proposed to show by another witness where the machinery was and who had it in possession, to which objection was made for irrelevancy, and the objection was sustained. Counsel stated that his purpose in offering the evidence was to show that " claimants had made another sale of the mill, and were receiving pay from some other person;" and this constitutes the fourth and last assignment of error.

1. Taking up this assignment first, we are unable to perceive how it was possible, from the location and possession of the mill, to deduce the conclusion sought to be reached, that the claimants had made another sale and were receiving pay for it from other persons than those to whom it had been originally sold; especially as it had been fully shown that they had never been paid for it, and as the evidence in the case repelled the presumption that they in any measure participated in the several arrangements by which it passed into the hands of the defendants.

2. The fact that the claimants had brought suit and obtained judgment against Powell & Co. for the purchase money, did not authorize the assumption that they had elected to proceed for the price, and had thereby given up all right to proceed against the property. It is quite manifest, on the contrary, that this was the first step necessary to make the title retained available as a security for the payment of their debt, if, instead of bringing trover for the recovery of the property, they saw proper to avail themselves of the ample remedy given by the act of 1871, and, after obtaining judgment and issuing execution thereon, to convey title to the property to their judgment debtors and have it sold to satisfy the claim (Code, §§1969,

1971); at all events, if the common law judgment proved fruitless, they still had their remedy to enforce the security retained for the payment of their debt. 69 *Ga.*, 433. The evidence was irrelevant for the purpose for which it was offered, and was properly rejected.

3. The remaining exceptions may be considered together. The notes of Powell & Co. to claimants were admitted without objection that proof of their execution was wanting; the necessity of doing this was thereby waived. While it is true that they were not attested or admitted to record as mortgages, which is now essential to make them competent as evidence to establish and validate the retention of title as a security, where the rights of third parties, who are innocent purchasers or creditors, without notice being brought home to them, intervene (Code, §1955 (a); Acts 1880-1881, 143, 144); this transaction took place before the passage of that act, and does not fall within it, as the act does not cover instruments in existence prior to its taking effect, and as it does not retroact upon them, and because the admission of the instrument in evidence was not specially objected to upon that ground. That parol testimony is' admissible to apply a writing to its subject is too clear to require either argument or the citation of authorities.

This disposes of all the assignments of error in this case. On all the grounds of exception, the rulings of the court were correct, and nothing remains but to order the judgment affirmed.