### DOUGHTY *v.* McMILLAN *et al.*

ATKINSON, J.—Where the trial judge, in his charge to the jury, while giving certain instructions as to admissions, inadvertently used the name of a witness, where he intended to use the name of another person not a witness, and granted a new trial upon the ground that the jury might have been misled by such confusion of names, this court will not control his discretion in granting a new trial, unless the verdict be demanded by the evidence. In this case the evidence being conflicting, the discretion of the judge in granting a new trial will not be disturbed. *Judgment affirmed.*
April 1, 1895. Brought forward from the last term.

Complaint in trover. Before Judge GOBER. Cobb superior court. May term, 1894.

MOZLEY & MORRIS, for plaintiff.
CLAY & BLAIR and J. J. NORTHCUTT, for defendant.

### JONES *v.* HOWARD *et al.*

SIMMONS, C. J.—The registry act of October 1st, 1889, does not contemplate or require that a distress warrant for rent shall be entered upon the general execution docket provided for by section 2 of that act. As the judge below who tried the case without a jury entertained a contrary view, and therefore necessarily rendered a judgment in favor of the prevailing party, irrespective of the disputed question of fact involved, there should be a new trial.
April 1, 1895. Brought forward from the last term.        *Judgment reversed.*

Money rule. Before Judge ATTAWAY. City court of Cartersville. March term, 1894.

JOE M. MOON, for plaintiff in error.
JOHN W. AKIN, *contra*.