## 120. READ PHOSPHATE COMPANY *et al. v.* WEICHSEL-BAUM COMPANY.

1. An officer called to respond by a rule nisi is, if the rule be made absolute, liable either to have an execution issued against him or to be attached for contempt. Consequently it is error to strike from the answer of such officer any meritorious matter of defense which will tend to prevent the issuance of the rule absolute.

2. Until traversed, the answer of a sheriff is to be accepted as true, and is conclusive as to all matters therein contained, and evidence will not be heard to dispute it. When such answer is traversed, any issues of fact arising upon the traverse to the answer must be submitted to a jury, except where there is an express agreement to submit such issues to the court.

3. A mortgage which describes the mortgaged property as "all crops of cotton, corn, or other agricultural products grown or cultivated by said R. B. B. in Laurens county, during or for the year 1905," is not void for uncertainty.

4. A mortgage in which the property mortgaged is described as "all my crops corn, cotton, etc., now up and growing, on about 240 acres of land, all the above property is in Jackson district, county and State aforesaid," may be explained by parol evidence so as to point out and identify such property, and is good as between the parties to the mortgage.

Money rule, from city court of Dublin—Judge Burch. February 26, 1906.

Argued February 19,—Decided March 11, 1907.

*James A. Thomas,* for plaintiffs in error.

*W. C. Davis, P. L. Wade, Harvey Hill,* contra.

RUSSELL, J.   S. Weichselbaum Company brought a rule against Peacock, sheriff, to distribute money in his hands arising from the sale of property of R. B. Blackshear. In the rule the movant set

out two mortgage fi. fas. and a distress warrant, and claimed that they were the highest and best liens upon the fund in the hands of the sheriff. The sheriff, in his answer, admitted that the two mortgage fi. fas. and a distress warrant for $250 in favor of Mary A. Smith against R. B. Blackshear, and properly transferred by Mary A. Smith to S. Weichselbaum Company were in his hands, and that the net sum of $745.93 was in hand for distribution, but he denied that movant's mortgages, as alleged, were of the highest dignity. The sheriff further answered that he had in his hands "a mortgage fi. fa., foreclosed October 9, 1905, from a mortgage deed dated——day of May, 1905, and recorded May 11, 1905, on crops of R. B. Blackshear, in favor of the Read Phosphate Co. vs. R. B. Blackshear, for the sum of $351.50 principal, interest $3.75, attorney's fees $35, and costs of court," which was placed in his hands October 19, 1905, with written notice to hold up said fund, and that said Read Phosphate Company claim their mortgage fi. fas. to be of the highest dignity and entitled to said fund. He also set out other liens placed in his hands, which claim the fund. Upon motion of movant's attorney, the court directed that the denial by the sheriff in his answer of the allegation in the rule, that the S. Weichselbaum mortgages were of "highest dignity," should be stricken from the answer; which was done, over objection of counsel for respondent. In response to a motion by movant, the court also struck from the sheriff's answer the date of the record of the mortgage of Read Phosphate Company, the words "and recorded May 11, 1905," also the words "that Read Phosphate Co. claim their mortgage to be of the highest dignity and entitled to said fund." All parties having fi. fas. in the hands of the sheriff were made parties defendant to the rule. It was admitted, that the property sold was the property of R. B. Blackshear, raised by him on his farm in Jackson district, Laurens county, Georgia, in the year 1905; that the consideration of the mortgages of Weichselbaum Company was supplies to make said crop, and the consideration of Read Phosphate Company's mortgage was commercial fertilizers to make the same crop. The issue was narrowed down to the question as to which constituted the superior lien upon the fund in the hands of the sheriff, the mortgages of Weichselbaum or the mortgage of the Read Phosphate Co., and this issue was determined in favor of the mortgages held by Weichselbaum.

There are four material assignments of error in the bill of exceptions, which either include or control all the lesser complaints: (1) that the court erred in striking the allegations of the sheriff's answer as to the matters which have been referred to above; (2) that the trial judge erred in holding that the mortgage of the Read Phosphate Company was no mortgage, for want of sufficient description; (3) that the judge erred in holding the two mortgages of Weichselbaum Company were good and sufficient as to description; (4) that the trial judge erred in admitting evidence without any traverse to the answer being filed.

We think there can be no question that the court erred in striking the sheriff's answer as to the portions complained of. The court is always warranted in striking (upon proper objection thereto) bare conclusions of the pleader, but the portions of the sheriff's answer which were stricken in this case were not conclusions of the sheriff, but statements of facts which had influenced him in not paying over the money upon demand. He was the subject of a harsh remedy. The rule called upon him to show cause why he had not applied the fund in his hands to the satisfaction of certain fi. fas. which had brought the fund into his hands. He was subject to penalties drastic and severe, unless he offered a good reason for his non-payment. On the other hand, the answer of the sheriff, not traversed, is to be taken as true, and the right of every party at interest was to be effected by it as the truth, until it was traversed. *Hutchins* v. *Hullman, 34 Ga.* 347. And as said by Judge Bleckley in *Davis* v. *Reid, 57 Ga.* 190, if it be not true, let it be traversed, and let the sheriff have an opportunity of supporting it by proof, if he can. Certainly he had the right to deny, in his answer, the specific allegation made by Weichselbaum & Company, that their mortgages were of the "highest dignity." If he did not deny this, what defense could he offer, or what reason give why he had not paid over the money? And it seems to us equally clear that as a servant of the court, called to answer for an alleged dereliction of duty, he would have the perfect right to say he had not paid the fund, because of another mortgage fi. fa., and to describe it, and at least, as evidence of his good faith, to say that the holders of this other mortgage fi. fa. "claimed their mortgage to be of the highest dignity and entitled to said fund." It has been expressly held that if there are defects in the answer, they are to be

pointed out by special demurrer, so as to permit of amendment. *Davis* v. *Reid,* 57 *Ga.* 190. Every party to a rule, moreover, is affected by the sheriff's answer, because of the fact that it is to be taken as true until traversed; and to needlessly or improperly strike the answer is not only to deprive the sheriff of his rights, but also perhaps to deprive some party to the cause of a substantial benefit accruing to him by operation of law.

We think it clear that the second assignment of error is well taken. The description in the mortgage of the Read Phosphate Company was sufficient to point out the property against which the lien was created.

In the third assignment of error it is insisted that the judge erred in holding that the two mortgages of Weichselbaum Company were good and sufficient as to description. The description of the property in both mortgages was the same, to wit: "All my crops corn, cotton, etc., now up and growing, on about 240 acres of land, all the above property is in Jackson district, county and State aforesaid." We think the objection of the plaintiff in error was well taken. The description was entirely inadequate as to the property, though the uncertainty of description could be relieved in any contest between mortgagee and mortagor, by parol evidence; but as will appear from the ruling on the fourth assignment of error, evidence was not admissible unless a traverse had been filed to the answer.

Complaint is made that the trial judge admitted the evidence submitted by defendant in error without any traverse or pleading of any character. It appears from the bill of exceptions that movant offered the record book of mortgages for the purpose of showing that Read Phosphate Company's mortgage was recorded, but only one witness's name, to wit, W. J. Joyner, appeared on said record. Attorney for respondents (though agreeing that the record book might be used instead of a certified copy, if the evidence were otherwise admitted) objected to the introduction of the evidence upon the ground that no traverse of the sheriff's answer, nor any written pleading of any character, had been filed or offered to be filed by movant attacking said mortgage for matters dehors the record as made up by the rule and answer. The court overruled the objection and admitted the evidence. Movant then offered Mark Smith as a witness to show that the name of L. B. Ogburn,

commercial notary public, was not signed to the paper when it was recorded. Respondents objected to this evidence upon the same grounds, that no traverse to the sheriff's answer or any written pleading or paper of any kind had been filed attacking said mortgage dehors the record. The court overruled the objection and allowed the witness to testify. Movants, over the same objection interposed by respondent, also offered R. B. Blackshear, who testified that his recollection was that he did not acknowledge his signature to this paper before Ogburn, but did to a mortgage he gave Read Phosphate Company, but not this paper. Movants having closed, respondents introduced L. B. Ogburn, who testified that he signed the mortgage as commercial notary public, that Blackshear acknowledged his signature before him and this was done before the same was recorded.

We are bound by a long line of decisions to hold that the introduction of testimony, in the absence of a traverse to the answer of the sheriff to a rule, is erroneous. There is no issue for a jury, or for a court sitting as a jury, to which the evidence can be addressed. The sheriff's answer, verified by his oath, is to be taken as true, unless traversed as provided by the code and a verdict found by the jury against the truth thereof. *Pound* v. *Carr,* 40 *Ga.* 84. In the *Pound* case the judge refused to submit the matter to a jury and examined witnesses. In this case, it does not affirmatively appear that the parties consented that the judge should hear the issues of fact (should the answer be traversed), instead of a jury. We do not know whether it was the agreement for the judge to take the place of the jury or not. If there was no such consent, the judge could, not have heard evidence touching the answer at all, but, even if the consent extended to the judge's determining the issues of fact instead of a jury, still no evidence was admissible until the answer was traversed. Except for the difference that in the *Pound* case the judge refused a jury, and in this case acted without one, there is no difference between the present case and that case. See also Civil Code, § 4775; *Haynes* v. *Perry,* 76 *Ga.* 33; *Cason* v. *Mullen,* 50 *Ga.* 599; *Lightfoot* v. *Freeman,* 54 *Ga.* 216; *Heard* v. *Callaway,* 51 *Ga.* 317; *Davis* v. *Strickland,* 62 *Ga.* 174; *Wilkin* v. *American Freehold Co.,* 106 *Ga.* 182; *Lindsey* v. *Cock,* 40 *Ga.* 7. In the case of *Lightfoot* v. *Freeman,* supra, the sheriff, as in this case, was unable to determine what he should do in the premises, and

therefore returned the papers by his answer, to be adjudicated by the court. In that case "he was desirous of performing his whole duty in the matter and acted in the utmost good faith and would have sold the land, but for the reason that he was wholly unable to determine what was his duty," and in this case the sheriff appears to have acted in the utmost good faith, and only asked the direction of the court as to which of the contending mortgage fi. fas. he should pay the money. He was acting at his peril in paying it to either without this direction, and having answered, it was error to strike out good grounds of defense from the answer, and error to admit evidence without a traverse.                    *Judgment reversed.*