### DUKE *et al. v.* NEISLER & NEWSOM.

1. A mortgage containing a description of the property mortgaged in the following language: "our crop planted this year, and on which said fertilizer is used," is not void for uncertainty in the description of the property upon which a lien is created.

2. Where a mortgage fi. fa., issued upon the foreclosure of a chattel mortgage, is being enforced by a levy upon property of a husband, as appears from statements in the affidavits of illegality filed by the husband and by the wife, the question as to whether the wife signed the mortgage note as principal or as surety is not material, inasmuch as the mortgage, if valid in other respects, is being enforced solely against the property of the husband.

3. The other assignments of error presented in the record are without merit and require no discussion.

JUNE 16, 1910.

Affidavit of illegality.    Before Judge Felton.    Crawford superior court.    April 22, 1909.

*R. H. Culverhouse* and *L. D. Moore,* for plaintiffs in error.

*H. A. Mathews,* contra.

BECK, J.  Neisler & Newsom foreclosed a chattel mortgage against Mittie A. Duke and E. C. Duke.  The property specified in the mortgage as that upon which a lien was created is described as follows: "our crop planted this year, and on which said fertilizer is used."  The mortgage fi. fa. was duly issued and levied on the following property: "Two hundred bushels of cottonseed, more or less, in the house, also 1400 lbs. seed-cotton in house; also fifteen bushels of corn in house, more or less, two bales of seed-cotton in field, more or less."  E. C. Duke and his wife, Mittie A. Duke, filed separate affidavits of illegality.  The affidavit of illegality filed by E. C. Duke was, in substance, that he had never given to the plaintiffs a mortgage which they would have the legal right to foreclose; that the description of the property upon which it is claimed that a lien was created was so vague and uncertain that the instrument was ineffectual to operate as a mortgage.  The other grounds contained in his affidavit of illegality it is unnecessary to set out, as none of the grounds of the motion for a new trial which we have under review refer to them.  The affidavit of illegality filed by Mrs. Duke alleged that the mortgage fi. fa. was proceeding illegally, on the following grounds: "1st.  Deponent is the wife of E. C. Duke, and has no interest in the property levied on.  2nd.  Deponent's husband, E. C. Duke, is a renter

from said deponent. 3rd. Deponent never signed any mortgage with deponent's said husband, but did sign a note with him to plaintiff, and she signed said note as security for her husband, E. C. Duke. 4th. Deponent says that her signature to said note is void in law, for the reason that a married woman can not be security for her husband." The jury returned a verdict finding "against the affidavit of illegality." A motion for a new trial was overruled, and the defendants excepted.

1. The mortgage sought to be foreclosed and enforced was not void because of insufficiency in the description of the property upon which a lien was created. "It is only when a description of premises is manifestly too meager, imperfect, or uncertain to serve as adequate means of identification, that the court can adjudge the description insufficient as matter of law." *Broach* v. *O'Neal*, 94 *Ga.* 474 (20 S. E. 113). See, in this connection, the case of *Patterson* v. *Evans & Turner*, 91 *Ga.* 799 (18 S. E. 31). In the case of Boulware's admr. *v.* Pendleton, 6 Ky. Law R. 727, it was held that description of property in the following words occurring in a mortgage: "my present crop of tobacco and other crops with other property to me belonging," was too indefinite a description as to any of the property except the tobacco crop. In the case of *Crine* v. *Tifts & Co.,* 65 *Ga.* 644, it appears that the question was raised as to whether a mortgage was invalid as such because of the insufficiency of the description of the property mortgaged; and it was urged that the description was "too vague, uncertain, and contradictory," the description being in these words: "as an advance on my crops of cotton, corn, oats, etc., growing and to be grown in the year 1879, the same being now planted, to enable me to make my said crops; and I do hereby give them a mortgage on all my said crops, to take effect as soon as my said crops are planted." But this court held: "The purpose was to create a lien by mortgage on all crops already growing or to be grown, and on that to be grown to fix the lien when planted. It is a little confused, but such is the meaning, and the description is sufficient, as it covers *all* the crops of that year. The crops levied on must have been all planted, as the earliest mortgage is dated the nineteenth day of April, and the other two in May. From the evidence, it is barely possible that a little cotton was planted afterwards. Certainly the execution should not have been quashed and the levy dismissed

on this ground." In the instant case it is evident that the mortgagor intended that the lien sought to be created should cover his entire crop, and the property mortgaged is further identified as being the crop planted in the year in which the mortgage was given and "on which said fertilizer is used." We are of the opinion that the court correctly held that the mortgage could not be declared as a matter of law void for uncertainty in the description of the property mortgaged. ·

2. Inasmuch as Mrs. Mittie A. Duke disclaimed any title to the property levied upon by the mortgage fi. fa., it is unnecessary to decide whether the charges of the court relative to the contention upon her part that she signed the mortgage note, not as principal, but as surety, correctly submitted that issue or not. The mortgage fi. fa. is not being enforced against her or any of her property; and even if she is not liable under the instrument foreclosed as a mortgage, that fact affords no reason why the mortgage execution, which the plaintiffs are seeking to enforce at present solely against property which she says belongs to her husband, should not proceed, unless he can show some valid reason for not enforcing the fi. fa. against his property.

3. The other assignments of error presented in the record are without merit and require no discussion.

*Judgment affirmed. All the Justices concur.*