## 3489.   BALCHIN *v.* JONES.

1. It is only when the terms descriptive of property intended to be con-veyed by a written instrument are manifestly too meager, imperfect, or uncertain to serve as adequate means of identification that the court can, as a matter of law, adjudge the description to be insufficient. "Whether such terms will serve to identify the premises is a question of fact, and not of law."

2. Parol evidence is admissible in aid of a defective description of per-sonal property in a bill of sale.

3. Failure to record in time may subject the holder of a bill of sale to the risk of loss by reason of the superior diligence of the holder of some junior lien created by contract, but if he really has obtained title prior to the creation of a lien by law, his title will not be defeated by the mere failure to record. It is not essential to the validity of a res-ervation of title embraced in a written contract for the sale of per-sonalty that the contract be recorded. A bill of sale may be admis-sible as evidence though it has not been recorded; and especially is the failure to record not a good ground of objection to its introduction when there is evidence that actual notice of it was brought home to the party sought to be affected by the instrument.

4. The court did not err in overruling the objection as to the attestation of the bill of sale. Inasmuch as the specific objection was not made that the bill of sale was inadmissible for want of proof of proper execu-tion, the necessity for such proof was waived. Furthermore, the ad-mission, in the petition for certiorari, that the bill of sale was signed by the parties to whom it purported to have been executed must be treated as an abandonment of the objection, upon the hearing in the superior court.

5. The requirement of § 4203 of the Civil Code (1910), as to attestation, is merely a provision for the admission of the paper to record.

DECIDED JANUARY 30, 1912.

Certiorari; from Elbert superior court—Judge Meadow. April 29, 1911.

*Worley & Nall,* for plaintiff.  *C. P. Harris,* contra.

RUSSELL, J.  H. F. B. Paddock owed J. J. Balchin an open account, and, absconding, left certain personal property in Elbert county.  After Paddock had absconded Balchin procured the issuance of an attachment, which was levied on certain personal property of Paddock's, described in the attachment.  Later a special judgment was entered on this attachment, in favor of Balchin against Paddock, but it does not appear that there was any record of the execution.  Jones, the defendant in error, had procured a bill of sale from Paddock, by which the latter, for the purpose of securing an indebtedness of $500, due by him to Jones conveyed "a full and complete title" to Jones, his heirs and assigns, to "the following property, to wit:  all household furniture, pictures, stove and kitchen utensils, wash pot, tubs, canned fruit, sewing machine, harness, fodder, oats, etc., and all articles not mentioned in the above; also the following in office: drugs, books, instruments, etc., with the exception of desk and book-case, property of Tunnison & Co., and a certain amount of instruments, property of Dr. J. Matthews."  The contract of sale recited that "this deed is made and executed in pursuance of the provisions of § 2771 et sequitur of the Civil Code of 1895," and purported to be signed also by Beulah D. Paddock, and to have been executed in the presence of John T. Fagan, "Commissioner of Deeds, Troy, New York" (as evidenced by that officer's certificate), in January, 1910.  The fact that it bore evidence of having been recorded is immaterial, because the entry of the clerk shows that it was put to record after the suing out of the writ of certiorari in this case.  Balchin's attachment, based upon the ground that Paddock "absconds," was, on October 15, 1910, levied on certain household effects, and also on certain drugs, books, and instruments, such as were referred to in the bill of sale to Jones, as well as on some articles minutely described in the levy, which were not claimed.  Upon the levy of the attachment Jones filed a claim to such of the property as was apparently within the descriptive terms employed in the bill of sale.  He interposed

no claim to several articles mentioned in the levy. Jones's claim of title was based on the bill of sale before mentioned. On the trial of the claim case the jury in the justice's court found the property not subject to the lien of the attachment, and Balchin's certiorari, complaining of error in the justice's court, was overruled. He excepts to this judgment of the superior court, and assigns error upon each of the grounds upon which error was assigned in the petition for certiorari. As the errors assigned on the judgment overruling the certiorari comprise the errors alleged to have been committed on the trial of the claim case in the justice's court, and pertain to the admission of testimony, it is perhaps proper that we shall state briefly the contentions of the plaintiff in error as to the several rulings complained of.

1. The first objection urged by the plaintiff below against the admission of the bill of sale which we have quoted was that the description of the property intended to be conveyed was insufficient to serve as means of identification, so as to make the instrument a valid conveyance. In support of this contention he cites § 3257 and § 4186 of the Civil Code (1910) ; *Thomas Furniture Co.* v. *T. & C. Furniture Co.*, 120 *Ga.* 882 (48 S. E. 333) ; *Broach* v. *O'Neal,* 94 *Ga.* 475 (3), (20 S. E. 113). We do not think that the contention is sustained by the authorities cited; indeed, it appears to be without merit. When the description is aided by parol evidence, explanatory of the terms used in the bill of sale, it is such as to prevent the instrument from being void because of insufficiency in the description of the property conveyed. See *Beatty* v. *Sears,* 132 *Ga.* 516 (64 S. E. 321) ; *Duke* v. *Neisler,* 134 *Ga.* 594 (68 S. E. 327). In *Broach* v. *O'Neal,* supra, cited by counsel for the plaintiff in error, it was held that " it is only when a description of the premises is manifestly too meager, imperfect, or uncertain to serve as adequate means of identification that the court can adjudge the description insufficient as matter of law." In *Patterson* v. *Evans,* 91 *Ga.* 799 (18 S. E. 31), in which mortgaged premises were described in these terms: " two hundred and ninety acres, more or less, of land situate in the fifth district of Wilkinson county, upon which an encumbrance of $125 exists, due October 15, 1888, taking priority of this mortgage; also two gins and one grist-mill located on said described land," the description was held to be " very meager and vague," but it was ruled that "whether such

terms will serve to identify the premises is a question of fact, and not of law" (citing *Collier* v. *Vason,* 12 *Ga.* 441, and *Oatis* v. *Brown,* 59 *Ga.* 711), and that it could not be held, as a matter of law, that the description given was so defective as to render the mortgage void. See, also, *Cherry Lake Turpentine Co.* v. *Lanier-Armstrong Co.,* ante, 339.

2. But even if the description in the bill of sale was defective, parol evidence was admissible in aid of the description. *Thomas Furniture Co.* v. *T. & C. Furniture Co.,* supra. In the first head-note of that decision it is said that "In providing that a mortgage or a conditional bill of sale shall specify the property on which it is to take effect, the law does not require such a description as will serve to identify the property without the aid of parol evidence." There was, therefore, no error in the admission of parol evidence in aid of the description contained in the bill of sale.

3. Balchin's next ground of objection to the admission of the bill of sale in evidence was that "the plaintiff's lien on the property claimed dated from the levy of the attachment; and the bill of sale, not having been recorded before the date of the levy, nor even at the time of the trial of the claim case, could not and would not put plaintiff on notice of claimant's interest in the property claimed, based on said bill of sale, and should not be admitted to defeat plaintiff's lien, which was established before the record of said bill of sale, plaintiff's lien having been established by operation of law and not by contract." We see no error in over-ruling this objection. Under the terms of the Civil Code (1910), § 4208, the recording of a bill of sale is not compulsory; it is merely permissive. The failure to record in time may subject the holder of a bill of sale to the risk of loss by reason of the superior diligence of the holder of some junior lien created by contract, but if he really has obtained title prior to the creation of a lien by law, his title will not be defeated by the mere failure to record. *Donovan* v. *Simmons,* 96 *Ga.* 340 (22 S. E. 966). In the case at bar the plaintiff had a judgment on an attachment, and this judgment had never been entered upon any execution docket of the county; and, as already stated, Jones's bill of sale had not been recorded; so neither party's rights were dependent upon the record. In the *Donovan* case, supra, the execution, issued on the judgment against James, was entered on the general execution docket on April 19, 1893, and the

deed from James to the claimants was not filed for record for more than six months thereafter, nor until November 22, 1893. In the instant case the lien of the attachment dated from the levy on October 15, 1910, after Jones's bill of sale was given (if at all) on January 4, 1910. The failure to record the bill of sale afforded no meritorious ground of objection to its admissibility, and, under the ruling in the *Donovan* case, supra, "while the failure to record such a deed might operate to defeat the conveyance as to one who purchased subsequently of the same vendor without notice of the prior conveyance, a judgment obtained against the grantor subsequently to the conveyance, but entered upon the general execution docket prior to the record of the deed, would not, merely by virtue of such entry, become a lien upon the property previously conveyed." Furthermore, in the present case there was evidence that Balchin, before he sued out his attachment, had actual notice of the bill of sale held by the defendant, and it would seem that actual notice would be as effectual and binding on the plaintiff as the constructive notice afforded by the recording of the bill of sale. In *Cottrell* v. *Merchants Bank,* 89 *Ga.* 508 (15 S. E. 944), it was held that " The retention of title by the vendor in a written contract of sale of personal property, with the condition affixed that the title is to remain in the vendor until the purchase-price shall have been paid, though the instrument be not recorded within the time prescribed by law, will prevail over the lien of a subsequent mortgage on the same property, executed by the conditional vendee to a creditor who gives credit and takes the mortgage without notice of the vendor's title, the mortgage also not being recorded in time. " In ruling on the point Justice Simmons held, that "Where both parties fail to record, both are lacking in the diligence required by law as a condition for their protection. Neither can claim a better right because the other neglected to record. The law puts them on precisely equal terms in this respect. Neither having complied with the requirement to register, they are left where they would have stood regardless of the registry statutes. Consequently the first in time must prevail. The same considerations in justice apply to the case of a vendor reserving title; and it suffices to say that the statute manifestly intends to put him on the same ground as a mortgagee of personalty." Justice Simmons cites the case of *Steen* v. *Harris,* 81 *Ga.* 681, as authority, and the facts of that case are very similar to

those in the case at bar. In that case a conditional bill of sale, under which title was reserved in a piano, had not been recorded. The piano was levied upon under an attachment, at the instance of a creditor whose debt was not made on faith of the property, and the levy was made after the conditional sale had been rescinded by agreement. The rescission terminated the relation of conditional vendor and vendee before the attaching creditor levied on the property, and it was held that " The court erred in granting a new trial, setting aside the verdict finding the property not subject, for the reason that the verdict rendered was warranted by the evidence." In *Hill* v. *Ludden,* 113 *Ga.* 320 (38 S. E. 752), it was held that it was not essential to the validity of a reservation of title embraced in a written contract for the sale of personalty that the contract be recorded. The objection of the present plaintiff in error upon this point, as made in the court below, was not, strictly speaking, a proper objection to the admissibility of the bill of sale, but was rather an argument against its priority, and was properly over-ruled.

4, 5. The objection urged by the plaintiff in error to the attestation of the bill of sale, that it was inadmissible because it purported to have been witnessed by a " commissioner of deeds, Troy, New York," whereas the law required that it be executed before a commissioner of deeds for the State of Georgia, seems to be without merit. The only objection was to the attestation. No objection based upon the ground that the execution of the instrument in question had not been proved was made, and, by the failure to object, proof of the execution was waived. *Bowen* v. *Frick, 75 Ga.* 786 (3-b). In that case it was held that the proper exception to be taken to the introduction of the notes was an objection that they were inadmissible for want of proof of execution, and, this specific objection not being made, the necessity for such proof was waived. See, also, *Anderson* v. *Cuthbert,* 103 *Ga.* 771 (30 S. E. 244), where the *Bowen* case is cited, and it is said that " failure on the part of the defendants to object to the introduction of the paper in evidence would amount to a waiver of the necessity of proof of its execution, for the purpose of its admission in evidence." The objection which should have been made was that the execution of the instrument had not been proved. The objection actually made only raised the point that the person purporting to attest the execu-

tion was not a subscribing witness of such a kind as required by law to entitle the bill of sale to registry. Furthermore, in the petition for certiorari, it is admitted that this bill of sale was signed by H. F. B. Paddock and Beulah Paddock; and this admission in judicio would seem to have been so binding upon the plaintiff as to have amounted to an abandonment of this objection, on the hearing before the judge in the lower court. The law relative to the execution of deeds and mortgages out of this State provides that in order to admit such a paper to record, it shall be attested as provided in section 4203 of the Civil Code (1910). The claimant did not contend, in the trial in the court below, that the bill of sale had been recorded. As a matter of fact, it had not been recorded, and, therefore, the exception that the attesting witness was not such a one as would have authorized the registry of the bill of sale did not go far enough to amount to a contention that the bill of sale had not in fact been executed so as to convey the title of the vendor to the vendee, even though it might not have been so attested as to convey notice to third parties.

The objection that the bill of sale was void on its face, because signed by the wife as security for her husband, is not insisted upon in the brief of counsel for the plaintiff in error, and therefore must be treated as abandoned.

An objection was interposed to testimony on the part of the claimant that he had told Balchin, before the levy of the attachment, that he, Jones, held the bill of sale in question. The objection urged to this testimony was that the only notice which, under the law, could or would be binding on the plaintiff, under the facts of the case, or that could defeat his lien on the property claimed, would be notice given by the record of the bill of sale, and proof of any other notice than that of the record was inadmissible in evidence on the trial of the case then before the jury. As we have already ruled that the rights of Jones, under the bill of sale, if it was in fact executed prior in date to the levy of the attachment, would not be affected by the fact that the bill of sale had or had not been recorded prior to the levy of the attachment, neither the objection nor the ruling upon it would seem to be material in a proper decision of the case. The decision in the *Donovan* case, supra, is conclusive upon the point that the registry act of 1889 worked no change in the existing law as to the priority of liens ac-

quired by law, in a contest with prior rights acquired by contract. But if the matter is one of any materiality, the rulings in *Hill* v. *Ludden,* supra, and *Cottrell* v. *Merchants Bank,* supra, would at least sustain the conclusion that the admission of evidence of actual notice was not harmful to the plaintiff in error; for the reason that the actual notice would seem to be as binding on the plaintiff in attachment as would have been the constructive notice afforded by the recording of the bill of sale.

*Judgment affirmed. Pottle, J., not presiding.*