*C. D. Rivers,* contra.

---

## 13393.　BUTLER *v.* LaGRANGE GROCERY COMPANY.

A landlord's general lien for rent, arising upon the issuance and levy of a distress warrant, is superior to a tenant's unrecorded bill of sale of personalty to secure a debt, though the latter was executed and delivered prior to the date of the levy of the distress warrant upon the property covered by the bill of sale.

DECIDED FEBRUARY 14, 1923.

Levy and claim; from city court of LaGrange — Judge Duke Davis.　February 20, 1922.

H. C. Butler sued out a distress warrant in the city court of LaGrange against H. D. Holley, which was levied upon personalty. The LaGrange Grocery Company filed a claim. The issue formed upon the claim was tried by the judge without a jury, upon the following agreed statement of facts: The distress warrant was properly issued on April 29, 1921, for the sum of $302.65 alleged to be due and unpaid, and was upon the same date levied upon the property in question. H. D. Holley, prior thereto, to wit, on November 30, 1920, executed and delivered a bill of sale to secure a debt upon the property to Misses Vera and Leona Holley, reciting a consideration of $1,000, which was on February 1, 1921, for value, transferred by the grantees to the LaGrange Grocery Company. Neither the bill of sale nor the transfer was ever at any time recorded. The property covered by the bill of sale was in the possession of H. D. Holley at the time of the levy, in the house of the landlord, who did not have any notice of the bill of sale prior to the levy. The court rendered a finding and judgment in favor of the claimant, and Butler excepted.

*Moon & Parham,* for plaintiff.　*Lovejoy & Mayer,* contra.

BELL, J. (After stating the foregoing facts.) Sections 3306 and 3307 of the Civil Code (1910) by their express terms apply as well to a bill of sale of personalty to secure debt as to deeds of conveyance of realty to secure debt, and it is provided in section 3307 that "Such deeds or bills of sale not recorded remain valid against the persons executing them, but are postponed to all liens created or obtained . . prior to the actual record of the deed or bill of sale." The "liens" referred to therein include liens by judgment. *Cabot* v. *Armstrong,* 100 *Ga.* 438 (2) (28 S. E. 123). ".A judgment against a grantor, obtained after the execution by him of a security deed, but prior to its being filed for record in the county where the land lies, is superior to such deed." *Coley* v. *Altamaha Fertilizer Co.,* 147 *Ga.* 150 (93 S. E. 90). "Under section 3307 of the Civil Code of 1910 a common-law judgment against a grantor, obtained after the execution of a security deed by him, and entered on the general execution docket within ten days from its rendition, but before the actual record of the security deed, is superior to such deed." *Cook* v. *Adams Brothers Co.,* 148 *Ga.* 289 (96 S. E. 499) ; *Southern Iron &c. Co.* v. *Voyles,* 138 *Ga.* 258 (3) (95 S. E. 248, 41 L. R. A. (N. S.) 375, Ann. Cas. 1913D, 369). While the cases cited deal only with conveyances of realty to secure debt, yet, as we have seen, the same rule would apply to bills of sale of personalty to secure debt.

The question next arises: Shall the lien of the distress warrant be treated as a judgment lien, in applying the principles declared in the above-stated decisions? The lien of a distress warrant dates from the levy. Civil Code (1910), § 3340. "The registry act of October 1st, 1889, does not contemplate or require that a distress warrant for rent shall be entered upon the general execution docket provided for by section 2 of that act." *Jones* v. *Howard,* 96 *Ga.* 752 (22 S. E. 291). The section of the act of 1889 referred to is now codified as § 3321. "The only difference between the lien of an ordinary common-law judgment and that arising under an uninterrupted distress warrant is that the former binds the property of the defendant from its date, and the latter from the time of the levy. They both have the same general lien on the defendant's property, as qualified above." *Elam* v. *Hamilton,* 69 *Ga.* 736.

We find no escape from the conclusion that the bill of sale now in question, having never been recorded, was not good as against the lien which arose upon the issuance and levy of the distress warrant, notwithstanding its prior date. It being admitted that the landlord had no notice or knowledge of the bill of sale prior to the date of the levy of the distress warrant, it is unnecessary to decide whether such want of notice or knowledge was necessary to establish the priority of his lien under the other agreed facts.

The learned counsel for the defendant in error cite and rely solely upon the case of *Balchin* v. *Jones,* 10 *Ga. App.* 434 (3) (73 S. E. 613). In that case the court was passing upon the judgment of the trial court in admitting a bill of sale in evidence over an objection that it did not appear to be recorded. Judge Russell, delivering the opinion, said (p. 439): "The objection of the present plaintiff in error upon this point, as made in the court below, was not, strictly speaking, a proper objection to the admissibility of the bill of sale, but was rather an argument against its priority, and was properly overruled;" although it is true that the opinion discusses the question of priority itself. That case, however, is distinguishable upon its facts from the instant case, because, as was pointed out by Judge Russell (p. 437), the plaintiff there "had a judgment on an attachment, and this judgment had never been entered upon any execution docket of the county; and as already stated, Jones's bill of sale had not been recorded; so neither party's rights were dependent upon the record." It is seen that the question of record or failure to record is not in that case involved. It is shown by the case of *Jones* v. *Howard,* supra, that the lien of the distress warrant is not affected by the fact that it was not entered upon the execution docket. But while we think the judgment, upon the particular facts, was right in the case of *Balchin* v. *Jones,* we can not adopt all the reasoning of the opinion. The claim in that case was founded upon a bill of sale to secure a debt, and section 4208 of the Civil Code, which was quoted, seems to have no bearing upon that kind of paper, but applies only to an absolute bill of sale. The law with reference to the registration and priority of bills of sale to secure debt is to be found in sections 3306 and 3307. We are obliged to conclude that so much of the opinion in that case as is in conflict with the other decisions which we have herein

referred to is unsound. It may be treated, however, as obiter. For the reasons stated, that case is no obstacle to the rulings here made.

The agreed statement of facts demanded a finding in favor of the landlord, and the finding and judgment in favor of the claimant must be reversed.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*