DECIDED JANUARY 15, 1931.

*S. F. Memory,* for plaintiffs in error. *S. Thomas Memory,* contra.

## 20618. PETERSON *v.* VIDALIA CHEMICAL COMPANY.

STEPHENS, J. 1. The following description of mortgaged property as contained in the mortgage is sufficiently specific and certain for the purpose of identifying the property: "My entire crop of all kinds, consisting of cotton, cotton-seed, corn, fodder, peas, potatoes, sugar-cane, tobacco,

melons, and any and all other produce grown and now being grown, and to be grown during the current year, by me on the lands described as follows: adjoining lands of ———————⸳ in the ——————— district of Montgomery County, Georgia, whereupon I farm the present year, and also upon said crops after the same are gathered and housed." *Duke* v. *Neisler*, 134 *Ga.* 594 (68 S. E. 327, 137 Am. St. R. 250); *Read Phosphate Co.* v. *Weichselbaum Co.*, 1 *Ga. App.* 420 (3) (58 S. E. 122).

2. On the trial of the issue formed by the claim to the mortgaged property levied on, where the claimant contended that the mortgage was void for uncertainty in the description of the property, that the description had been materially altered by amplification after the execution of the mortgage, that the claimant was the owner of the property at the time of the execution of the mortgage, and also after the execution of the mortgage was a purchaser of the property for value without notice of the mortgage, which had not been recorded, and where evidence was introduced to the effect that the description had not been altered since the execution of the mortgage, but that the mortgage at the time of its execution was read by the mortgagor, that the claimant was present when the mortgage was executed, and was sufficiently acquainted with its contents to testify that the description had not afterwards been altered or changed as claimed, the inference was authorized that the description in the mortgage had not been altered, that the defendant knew the contents of the mortgage and was therefore not an innocent purchaser of the property after the execution of the mortgage, and that the claimant, having knowledge of the contents of the mortgage, was estopped from thereafter disputing the mortgagor's title to the property at the time of the execution of the mortgage, and the verdict finding the property subject was authorized. No error appears, and the court did not err in overruling the claimant's motion for a new trial.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
> DECIDED JANUARY 15, 1931.

*Enoch J. Giles,* for plaintiff in error.
*Saffold, Sharpe & Saffold,* contra.

