#### 21395. LANE *v.* AMERICAN AGRICULTURAL CHEMICAL COMPANY.

JENKINS, P. J. 1. A mortgage describing the mortgaged property as "all of my crops for the next twelve months hereafter, consisting of cotton, corn, cane, potatoes and hay, and all other crops of whatsoever kind grown or planted, or which may be grown or planted by me, my servants, employees and agents on the following described lands: 425 acres in Miller County, owned by self adjoining lands of....................., said crops consisting principally of about 50 acres of cotton,..........

acres of tobacco, 80 acres of corn, . . . . . . . . . .acres of peanuts," is not, as between the parties, void for uncertainty in the description of the property upon which the lien is created. *Duke* v. *Neisler*, 134 *Ga.* 594 .(68 S. E. 327, 137 Am. St. R. 250) ; *Read Phosphate Co.* v. *Weichselbaum Co.*, 1 *Ga. App.* 420 (58 S. E. 122) ; *Peterson* v. *Vidalia Chemical Co.*, 42 *Ga. App.* 490 (156 S. E. 468).

2. There was no material variance between the description of the property as contained in the mortgage, and that contained in the mortgage fi. fa., and the court did not err in admitting in evidence the mortgage fi. fa.

3. The fact that the mortgage might have been defectively executed, in that the official witness was a party at interest, did not affect its validity as between the parties. *Futch* v. *Taylor*, 22 *Ga. App.* 441 (96 S. E. 183).

4. Where, as in the instant case, the defense set up as against a mortgage foreclosure was that there had been a material alteration in the instrument after its execution, in that the amount had been .changed, and there was evidence for the plaintiff fertilizer company indicating that almost immediately after the execution of the mortgage by the defendant the agent who had sold the fertilizer and procured the mortgage delivered the instrument over to a traveling representative of the fertilizer company, it was not error to admit in evidence; over the objection as made that such evidence was immaterial and irrelevant, the receipt issued for such mortgage by the traveling representative which recited the receipt of a mortgage executed by the defendant in the amount set forth in the face of the instrument foreclosed.

5. The evidence authorized the finding of the jury in favor of the plaintiff on the issue made by the pleadings, and no error of law appears.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 17, 1931.

*J. A. Drake,* for plaintiff in error. *N. L. Stapleton,* contra.

