26080. BROOKS *et al. v.* HARTSFIELD COMPANY.

DECIDED JULY 14, 1937.

*Ezra E. Phillips,* for plaintiffs in error.

STEPHENS, P. J.   1.   Assuming that in a petition in a suit in trover a description of the property is insufficient in so far as it is described merely as "one oak dressing-table, one walnut chest of drawers, one floor lamp," etc., yet where in the petition as amended the property is further described as property which was described in a bill of sale executed by the defendants to the plaintiff on a designated date and recorded on a particular page in a designated record book of the county, and which on the date of the execution of the bill of sale was located in a particularly described house which was the home of the defendants, the property is described sufficiently for identification.   It is not essential to the sufficiency of the description as thus alleged in the petition that the description as contained in the bill of sale be repeated in the words of that instrument.   *Warnell* v. *Ponder,* 54 *Ga. App.* 1 (187 S. E. 261); *Jett* v. *Gordon,* 52 *Ga. App.* 370 (183 S. E. 346); *Turner* v. *Plottel,* 45 *Ga. App.* 621 (166 S. E. 31); *Lane* v. *American Agricultural Chemical Co.,* 44 *Ga. App.* 432 (161 S. E. 646); *Peterson* v. *Vidalia Chemical Co.,* 42 *Ga. App.* 490 (156 S. E. 468).

2.   An allegation in a petition in trover, that the "petitioner claims title" to the property described therein, is sufficient as an allegation that the title to the property is in the plaintiff.

3.   An allegation in the petition that the defendants fail to pay the plaintiff the "profits" of the property, although it is not alleged that the property has produced any profits or what amount of profits resulted from the use of the property, is a sufficient allegation of the basis of the plaintiff's right to recover whatever profits may arise as a result of the defendants' use of the property.

4.   The singular may include the plural.   Code, § 102-102 (4).   In a suit in trover against two defendants, an allegation in the petition, in which a particular defendant is not referred to, that the "defendant" refused, etc., meaning refused to deliver the property to the plaintiff, is good against objection on demurrer that it is not alleged which defendant is referred to.

5.   Where in a suit in trover it is alleged in the petition that the plaintiff claims title to the property there described, and

where it does not appear that the plaintiff's alleged title was derived from any transaction to which the provisions of the so-called "small-loan act" would be applicable, the petition is not insufficient as failing to show a right in the plaintiff to recover, "in that it is not alleged that the plaintiff complied with the provisions of the 'small-loan act,' or that the plaintiff was a licensee authorized to do business under the 'small-loan act.' "

6. Where in a contract for a loan of money in the amount of $240 it is provided that the loan shall. be paid "in equal instalments of $12.50 on the 10th day of each month following date of this note, with interest from date of actual consummation of loan at the rate of 3½% per month, said interest to be payable monthly on unpaid balance of principal," that "if all of the instalments of principal and interest are paid on or before dates due, and if the receipt card is presented with each and every payment of principal or interest, or part thereof, no interest in excess of $60 will be charged," that on certain contingencies mentioned, such as a failure to pay instalments when due, or the removal by the borrower, from its present location, of personal property which the borrower has conveyed to the lender as security for the loan, or in the event of death or insolvency or bankruptcy, of the borrower, etc., all remaining instalments shall at the option of the lender become due and payable, and that "nothing herein shall be construed to mean that the parties to this note are to pay, or have contracted to pay, in any event any sum in excess of what may lawfully be charged or contracted for" under the provisions of the act of the General Assembly of Georgia, approved August 17, 1920, the same being the so-called "small-loan act," none of these provisions, whether taken singly or collectively, constitute any agreement or contract for the payment of interest or charges in excess of those permitted by the small-loan act, which permits a licensee authorized under the act to lend money in sums not exceeding $300, to charge interest on the unpaid principal at the rate of 3½ per cent. per month, and to charge also a fee for recording in a public office any instrument securing the loan. Ga. L. 1920, p. 215, §§ 13, 17, 18; Code, §§ 25-313, 25-317, 25-9902.

7. Under the act just cited, the fee necessary for recording in a public office the instrument securing the loan is chargeable against the borrower, and may be collected when the loan is made.

Deduction by the lender, from the amount of the loan, of an amount representing the recording fee, and paying to the borrower only the difference between the recording fee retained and the amount of the loan, where the contract of loan calls for interest at the rate of 3½ per cent. per month on the principal amount of the loan, does not render the contract one by which the interest charged is in excess of 3½ per cent. per month.

8. Although, as provided in the "small-loan act," no person, partnership, or corporation, other than a licensee doing business in accordance with the provisions of the act, may lawfully contract to lend money in excess of 8 per cent. per annum, and not in excess of 3½ per cent. per month, on the principal amount of the loan, a contract of loan at the rate of interest of 3½ per cent. per month, made by a person, firm, or corporation licensed to do business under the small-loan act, is not void and unenforceable as being made by a person as lender unauthorized to do business under the act, because by the contract of loan the principal and interest are payable to the *"order of"* the payee, and therefore may be payable, or become payable, to some person other than a person licensed to do business under the act.

9. None of the aforementioned provisions in paragraph 6, when contained in the contract of loan, or when substantially recited in a written notice given by the lender to the borrower, before, at the time of, or after the consummation of the contract of loan, constitute any matter which is false or calculated to deceive, in violation of section 12 of the small-loan act (Code, § 25-312), as follows: "No licensee or other person, partnership, or corporation shall print, publish, or distribute, or cause to be printed, published, or distributed, in any manner whatsoever, any written or printed statement with regard to the rates, terms, or conditions for the lending of money, credit, goods, or things in action in amounts of $300 or less, which is false or calculated to deceive."

10. Under the above rulings the petition as amended set out a cause of action in trover against the two defendants, and was good against the general and special demurrers; and the defenses set up, on the ground that whatever title the plaintiff had in and to the property which was the subject-matter of the suit was void because of having been acquired under a bill of sale from the defendants to the plaintiff, which conveyed the property as security

for a loan of money made by the plaintiff to one of the defendants as principal, under a contract which was void, unenforceable, and uncollectible under the provisions of the small-loan act, were properly stricken on demurrer. Also, on the same ground, the court did not err in rejecting and disallowing the proffered amendment by the defendants to their pleas.

11. On the trial of this action in trover against a husband and his wife, on the issue made by the pleas of the defendants, wherein the validity of the plaintiff's title was denied on the ground that the bill of sale under which the plaintiff claimed title was void and passed no title, because it had been executed by the wife for the purpose of conveying title to her property as security for a debt of the husband, for which debt she was surety only, although it may be inferable from the evidence that the husband made application to the plaintiff for a loan of money to himself, that the plaintiff asked the wife to indorse for the husband, and that a contract with the husband as principal and with the wife as surety was suggested by the plaintiff, it appeared, however, from the undisputed evidence that the wife also made application for a loan to be made to herself, that the contract under which the loan was made, the terms of which govern the rights of the parties, was signed by both defendants, the husband and the wife, jointly as makers, and conveyed to the plaintiff, as security for the loan of $240, the personal property which is the subject-matter of this litigation, and that $31.35 of the consideration of the loan went to the wife by the plaintiff's check which was payable to her alone as the payee and was indorsed by her and also by the husband. It appeared, as a matter of law, that the wife was the original debtor to the extent of $31.35 of the amount of the loan, and not a surety for the debt of the husband, and that the bill of sale executed by her jointly with the husband, passing title to the property to the plaintiff as security for the debt, was not void, but was a valid instrument passing title out of the wife. It therefore being established as a matter of law that the bill of sale passed the title to the property from the wife as security for her debt, although her debt was only a part of the consideration, a verdict finding the title to the property in the plaintiff was demanded. Therefore a charge of the court, even if it was an erroneous statement of the law (*Boss* v. *Ed & Al Matthews Inc.*, 51 *Ga. App.*

889, 181 S. E. 688; 28 Am. & Eng. Enc. L. 659), that the burden of proof was on the wife to show by a preponderance of the evidence that her allegations in which she sought to avoid the contract on the ground that she had acted as surety for her husband, or was undertaking to bind herself to the payment of his debt, and that the burden of proof was on her to show by a preponderance of the evidence "that her plea in this regard was true before she would be entitled to a verdict in her favor on that particular plea," was harmless to the defendants.

12. A plaintiff in trover is not required to make an election, before the conclusion of the introduction of evidence, of the kind of verdict which he will take. It was not error to permit the plaintiff, after the close of the introduction of evidence, to elect to take a verdict for the property alone. Code, § 107-105; *Garrett v. Atlanta Home Underwriters*, 35 *Ga. App.* 404 (133 S. E. 265).

13. Assuming, as contended by the defendants, that a finding in favor of either defendant would have necessitated a verdict in favor of the other defendant, a charge of the court that the jury might find for the plaintiff against one of the defendants and in favor of the other defendant, was not harmful to either defendant, since the verdict actually rendered was for the plaintiff against both defendants.

14. The admission in evidence of alleged matters in parol, whether or not they were in contradiction of the contents of the loan contract, the only effect of which tended to show that whatever contract of loan was actually made, under the rulings in paragraphs 6 and 9 above, was not null and void and unenforceable, was not harmful to the defendants.

15. The admission in evidence of the contract of loan, and of the bill of sale to secure the loan, on the ground that it appeared from their contents that the contract of loan and the bill of sale were null and void, was not, under the rulings above made, harmful to the defendants.

16. Evidence that the plaintiff charged no interest on the loan from the date appearing in the contract of loan as the date of its execution, until the date of the actual receipt of the money from the lender by the borrower, where the contract expressly provided that interest should be charged only from the date of the actual consummation of the loan, was not subject to the objection that

it was inadmissible as in contravention of the contents of the written contract.

17. It not appearing from the evidence that the plaintiff actually collected interest from the date appearing in the contract of loan as the date of its execution, which was several days before the date of the actual consummation of the loan and the receipt of the money by the borrower from the lender, it was not error for the court to instruct the jury that the plaintiff did not collect interest from the former date, and it was not error to withdraw from the jury the defense that the defendants were overcharged with interest by having been charged with interest from the former date.

18. While it appeared without dispute from the evidence that a portion of the consideration of the loan for the security of which the bill of sale to the property was executed, namely, $31.35, was received by the wife and went to her benefit, and that for this amount she was not surety for the husband, and therefore that the bill of sale, in that it conveyed title to the property to the plaintiff as security for the wife's debt, was not void, the evidence authorized the inference that the remaining portion of the loan, namely, $208, which was paid by a check payable to the wife and "Family Finance Company" jointly as the payees, and which was indorsed by her and delivered by the husband to Family Finance Company in payment of a debt, was paid to the wife and her creditor, and therefore that the entire portion of the consideration of the loan represented by this check went to her and not to the husband. The evidence authorized the inference that, as respects the entire indebtedness, the wife was a principal debtor and the husband was surety only, and that the title to the property conveyed by the bill of sale executed jointly by the wife and the husband was in the plaintiff, and that both the wife and the husband had converted the property.

19. The evidence authorized the verdict for the plaintiff, and no error appears.

*Judgment affirmed. Sutton and Felton, JJ., concur.*