### 28849. ATCHISON *v.* TALIAFERRO COUNTY.

DECIDED JUNE 21, 1941.

*J. A. Mitchell,* for plaintiff in error. *Hawes Cloud,* contra.

SUTTON, J. Taliaferro County sued out a distress warrant for rent against Gray Barksdale, which was levied on a bale of cotton, and a claim to the cotton was interposed by J. W. Atchison. The case was tried, and a verdict and judgment were rendered in favor of the plaintiff. The claimant made a motion for new trial, and the exception is to the overruling of the motion. The issue sub-

mitted to the jury was whether or not the claimant obtained the bale of cotton free from the lien of the plaintiff in the distress warrant. It appears from the evidence that the land on which the cotton was grown was sold by the sheriff for taxes in 1937, as the property of the Misses Herndon, and was purchased by Taliaferro County. Gray Barksdale cultivated part of the land in 1939, and raised the cotton in question. He put the bale of cotton in the warehouse operated by Hobson Fouché in Crawfordville, and took a receipt therefor in his own name. W. W. Bird, chairman of the board of county commissioners of Taliaferro County, notified Hobson Fouché, the warehouseman, that this bale of cotton belonged to the county as rent of the Herndon place, and he had the distress warrant levied on the cotton when he learned that F. L. Gunn was making some effort to get the bale of cotton. Hobson Fouché testified: "I ran the cotton warehouse last year. I know about the bale of cotton involved in this case. It was brought to the warehouse by Gray Barksdale, and a receipt was issued to him for it and delivered to him. Later Mr. Bird came to me and claimed the right to the bale of cotton, and requested that it not be sold. Later Mr. Gunn came to me with the warehouse receipt indorsed by Barksdale; and I refused to sell the cotton, as Mr. Bird had notified me not to do so. The cotton was levied on before it was turned over to Mr. Gunn. I did not sell the cotton. Mr. Gunn sold it to Mr. Atchison, and upon presentation of the receipt I turned the cotton over to Mr. Gunn. The levy was made before the warehouse receipt was indorsed by Barksdale. I can't say when Atchison bought it. It all took place in a short time. The cotton was sampled when it was put in the warehouse. It was not sampled again."

Atchison, the claimant, testified: "I bought the bale of cotton from Mr. Gunn. I ran a warehouse in Crawfordville, and he brought sample of the cotton early one morning. I can't say whether the cotton [was] levied on then or not. I knew of no claim of any one to the cotton at that time. In about an hour after I bought the cotton Mr. Gunn and Mr. J. A. Mitchell, his attorney, came to me with the papers for me to sign, claiming the cotton. I didn't see the warehouse receipt. Yes, I did see the receipt before I bought it. The receipt showed the weight of the bale of cotton and in whose name it was stored. I recall telling

Mr. Bird I was sorry I got into this mess. I don't recall whether the cotton was reweighed or not."

F. L. Gunn testified, that he, as agent for the Misses Herndon, had rented the land to Ray Barksdale, and as agent sold the bale of cotton in question to J. W. Atchison before the levy, and told Atchison that he would take care of him and that he was taking care of him; that he knew the county was contending for the cotton, as Mr. Bird, chairman of the board of county commissioners, had talked with him about the cotton after the levy, and Mr. Fouché had stated to him that Mr. Bird had ordered him (Fouché) before the sale of the cotton, not to buy the cotton; that Barksdale indorsed the receipt before the cotton was sold; and that it was sold before the levy.

The lien of the distress warrant became effective and binding on the bale of cotton when the distress warrant was levied thereon, provided the claimant as a bona fide purchaser had not bought the cotton before the levy was made. Code, § 61-203; *Andrews* v. *Sims, 27 Ga. App.* 338 (108 S. E. 258); *Butler* v. *LaGrange Grocery Co., 29 Ga. App.* 612, 613 (116 S. E. 213). The evidence was in conflict as to whether the levy was made before or after the claimant purchased the cotton. But the jury was authorized to find from the testimony of Fouché, who was in charge of the warehouse where the cotton was stored, that the distress warrant was levied on the cotton before the claimant purchased it. He testified that the cotton was levied on before the warehouse receipt was indorsed by Barksdale and before the cotton was turned over to Gunn. Gunn could not have made a valid sale of the cotton to the claimant until the warehouse receipt was indorsed by Barksdale or until the cotton was turned over to him. Fouché testified that after Barksdale indorsed the receipt he turned the cotton over to Gunn. The claimant testified that he did not know whether the distress warrant had been levied on the cotton at the time he bought it; and that within an hour after he bought the cotton F. L. Gunn and his attorney went to claimant with papers for him to sign claiming the cotton. Under the law and the evidence the verdict in favor of the plaintiff was authorized, and the court did not err in overruling the motion for new trial which contained only the general grounds.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*