HILL *v.* LUDDEN & BATES SOUTHERN MUSIC HOUSE.

1. Though a reservation of title embraced in a written contract for the sale of personalty is not, as against third persons, valid unless the contract be attested by a subscribing witness, it is not, as to such persons, essential to the validity of such reservation that the witness be an official, or that the contract be recorded.
2. While failure to have such a contract duly probated and recorded will deprive the seller of the protection which would enure to his benefit because of the constructive notice which would arise from the fact of recording, he will nevertheless be preferred to one who, with actual notice of such a reservation of title, purchases from his vendee.
3. It is not erroneous to decline to give an instruction from which the defendant would get the benefit of a defense not made in his answer.
4. The trial now under review was held in accord with the law as above laid down, and the verdict was amply supported by the evidence.

Argued April 8, — Decided April 25, 1901.

Trover.    Before Judge Clark.    City court of Forsyth.    November 1, 1900.

*Persons & Persons* and *J. B. Williamson*, for plaintiff in error. *Robert L. Berner*, contra.

LUMPKIN, P. J.    The Ludden & Bates Southern Music House brought against D. P. Hill an action for the recovery of a piano and for the hire thereof, and obtained a verdict.    He filed a motion for a new trial, presenting for determination the questions dealt with in the headnotes; and his motion having been overruled, he excepted.    The plaintiff relied upon a written contract evidencing a sale by it of the piano in controversy to one Lane, with a reservation of title in itself.    This contract was attested by a subscribing witness who was not an official.    It was not probated for record or recorded.    The defendant claimed under a purchase from Lane, and set up that he bought in ignorance of the existence or terms of such contract.    There was some evidence to support his contention that he bought without notice, and much and very strong evidence to the contrary.

1. Is it, as against a third person, indispensable to the validity of a reservation of title in the seller embraced in a written contract for the sale of personalty that the contract should be attested by an official witness and recorded? This question is answered in the negative by the decision of this court at the March term, 1892, in the case of *Cottrell* v. *Bank*, 89 *Ga.* 508. It was there ruled that a written contract for the sale of a printing-press, containing a reservation of title in the seller and attested by a subscribing witness who was not an official, was, though neither probated for record nor recorded, entitled to priority over a junior mortgage given by the purchaser which had not itself been duly recorded. An examination of the report of that case will show that the decision rendered necessarily involved a holding that the reservation of title in the contract then under consideration was effectual as against one not a party thereto, for otherwise the lien of the junior mortgage would have prevailed without regard to whether it had been recorded or not. With reference to the attestation of the contract, Mr. Justice Simmons (now Chief Justice) said: " So far as attestation is concerned, there can be no doubt that the contract was capable of being made recordable by proving it by the subscribing witness before one of the officers named in the statute" (page 518). This was a clear intimation that, in his opinion, official attestation was not indispensable to the validity, relatively to third persons, of a reservation of title in a contract of this nature. This same case was again here at the March term, 1895. 96 *Ga.* 168. It then appeared that a seriously contested issue arising on the trial at that time under review was whether or not the paper purporting to embrace the reservation of title had been attested at all. Affixed to it was the signature of one Sullivan, but it was an open and disputed question whether he signed it as a witness or as agent for Cottrell & Sons, the sellers, for the purpose of evidencing their consent to the contract expressed in the writing. The court made the following ruling: " The reservation of title by the seller of personal property is not valid as against third persons, unless the contract of sale is in writing and is also executed and attested in the manner prescribed by law for the execution and attestation of mortgages on personalty." The question whether official attestation was, as against a third person, essential to the validity of the reservation of title was not directly made or passed upon, and there is nothing in the opin-

ion to show that the court intended that the words, "attested in the manner prescribed by law for the execution and attestation of mortgages on personalty," should be understood as meaning that there must be official attestation ·in order to render the reservation of title good as against strangers to the contract of sale.    On the contrary, the same learned Justice, adhering to his original impression, concluded his discussion of the necessity of having the contract attested, with the words:    "Hence the importance of requiring, as the legislature manifestly intended to do, that, in order to be good as against third persons, it should not only be in writing, but should be executed in the presence of a witness and attested." See pages 170-171.    At the end of the opinion he said (pp. 171-172): "The question whether he [Sullivan] did or did not sign as a witness was not one of law to be determined by the court, but should have been submitted to the jury, to be determined by them in the light of all pertinent evidence introduced upon that issue. It seems to us to be the only question left in the case to be determined on the next trial.    If Sullivan did sign as an attesting witness, the paper would be valid and binding as against the Merchants & Mechanics Bank, and, under our decision when the case was here before, would prevail over the lien of the mortgage held by the bank (89 *Ga.* 508); but if he did not sign as an attesting witness, but signed as agent for Cottrell & Sons, the paper was not properly executed and was not binding as against the mortgagee."

. The rulings in that case, viewed in the light of the issues which called them forth, seem to settle authoritatively the proposition that the law embraced in section 2776 of the Civil Code should not be held to mean that a reservation of title in a written contract of sale is totally void.as against third parties unless the same be so attested that it is immediately entitled to record.    Attestation is certainly indispensable.    See *Harp* v. *Guano Co.*, 99 *Ga.* 752. But the conclusion that official attestation is not absolutely requisite is, in our judgment, not only consistent with justice but, upon a proper view of the statutory provisions bearing on the subject, well founded.    Construing the words, "shall be executed and attested in the same manner as mortgages on personal property," occurring in section 2776, in pari materia with the words, "must be executed in the presence of, and attested by, or proved before, a notary public or justice of any court of this State, or a clerk of

the superior court," appearing in section 2724, which relates to the execution and attestation of mortgages; and remembering that, notwithstanding the employment of the word "must," it has never been held that a mortgage was totally void for want of an official witness, it is surely safe to say that a duly executed reservation of title should not, for such a reason, be held wholly invalid.   The contract containing it can not be lawfully recorded unless the same be attested by "or proved before" one of the designated officials; nor can the holder get the protection which would result from the constructive notice to others given by the record; but surely he ought to be protected in his rights as against one who takes with actual notice of the fact that the title has been reserved.    In *Rhode Island Locomotive Works* v. *Empire Lumber Co.*, 91 *Ga.* 639, it was distinctly held that the validity of the reservation of title did not necessarily depend upon the recording of the contract. Nothing was decided as to the matter of attestation.    It is true that in the opinion delivered by the Justice from whom we have quoted above he said: "But the statute protects all third persons to the extent of requiring the contract to be evidenced in writing and witnessed by an attesting officer, in order to be good against them."    However, in the light of his clearly expressed views on this subject announced in 89 *Ga.*, and subsequently adhered to in 96 *Ga.*, as above shown, it is evident that the use by Mr. Justice Simmons of the phrase, "witnessed by an attesting officer," was unguarded.    Certainly it was not called for; nor can it be in any proper sense regarded as the equivalent of a decision by this court to the effect that without official attestation there could be no reservation of title binding on third persons.    In *Wheeler* v. *Bank*, 105 *Ga.* 57, there was no attestation of the order which constituted the contract, and the remarks of the Chief Justice with respect to attestation by a "notary public or other officer," appearing on page 61, must accordingly be regarded as obiter.    There may be, in other opinions delivered by members of this court in cases involving a consideration of the "conditional sale act," similar loose expressions; but so far as we have been able, after a somewhat careful search, to discover, there has been no decision at variance with the doctrine originally laid down in the *Cottrell* case when it was first before this court.    The decision then made was cited approvingly in *Bailey* v. *Bailey*, 93 *Ga.* 772.

2. Though, as above stated, failure to have a contract of conditional sale recorded will deprive the seller who thereby reserves title of any protection which would enure to his benefit because of the constructive notice arising from the fact of recording, it is nevertheless true that he will be preferred to one who purchases from his vendee with actual notice of the fact that he had in a written contract, attested by a subscribing witness, reserved the title. See *Rhode Island Works* case, supra; *Cunningham* v. *Cureton*, 96 *Ga.* 489; *Wheeler* v. *Bank*, supra. In the first of these three cases it does not affirmatively appear whether the contract was attested or not. In the other two, it does appear that there was no attestation of the contracts, and yet the court strongly intimated that the seller's reservation of title would be good against one who, with actual knowledge of such reservation, dealt with the original purchaser.

3. The court properly refused to give in charge to the jury a written request to the effect that before the plaintiff could recover the piano, it must refund so much of the purchase-money as it had received therefor. No defense of this nature was made or even hinted at in the defendant's answer. Plainly, therefore, he was not entitled to the benefit of the instruction embraced in this request.

4. The foregoing disposes of the legal questions made in the motion for a new trial; and as all of the rulings therein complained of were in accord with the law as above laid down, we hold that none of the special grounds of the motion are meritorious. As to the complaint that the verdict is contrary to the evidence, we have only to say that a casual reading of the brief of evidence will show that it was overwhelmingly supported.

*Judgment affirmed. All the Justices concurring.*