### In re BURKE.

(District Court, S. D. Georgia, E. D. March 25, 1909.)

**1. COURTS (§ 359*) — FEDERAL COURTS — STATE LAWS AS RULES OF DECISION — BANKRUPTCY.**

Where a seller of goods to a bankrupt claims the right to retake them under a conditional sale made in Georgia, the validity of such contracts must be determined in accordance with the law of such state applicable thereto.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 359.*]

**2. COURTS (§ 359*)—RULES OF DECISION—DECISIONS OF STATE COURTS.**

Federal courts, in the exercise of bankruptcy jurisdiction, in determining property rights created by state statute, generally follow the rulings of the supreme appellate tribunal of the state.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 359.*

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478, and Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

**3. SALES (§ 452*)—CONDITIONAL SALES—STATUTES—CONSTRUCTION.**

State statutes providing for the enforcement of conditional sales are in derogation of the rights of general creditors, and must be strictly construed.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 452.*]

**4. BANKRUPTCY (§ 303*)—PERSONAL PROPERTY—CLAIMANTS—BURDEN OF PROOF.**

Presumptively possession of property by a bankrupt is vested in his trustee, so that a claimant, insisting on a latent or undisclosed title, must bear the burden of showing his superior right or privilege.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 303.*]

**5. BANKRUPTCY (§ 140*)—TITLE OF TRUSTEE—CONDITIONAL SALES—EXECUTION —RECORD.**

Civ. Code Ga. § 2776, provides that every conditional sale, to be valid as against third persons, shall be evidenced by writing, and not otherwise, and executed and attested as a chattel mortgage; and section 2777 provides that such instruments must be recorded within 30 days from their date. *Held*, that the attestation of a conditional sale contract, except as between the parties, is essential, not only that it may be admitted to record, but to its actual validity, and that a contract not so witnessed or recorded was invalid as against the buyer's trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

**6. BANKRUPTCY (§ 140*)—RIGHTS OF TRUSTEE—PROPERTY CONDITIONALLY SOLD.**

Under Bankr. Act July 1, 1898, c. 541, § 70, subd. 5, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), vesting in the trustee the title of the bankrupt to all property which, prior to the filing of the petition, he could by any means have transferred, a conditional sale contract purporting to sell certain implements as merchandise, and contemplating that the buyer shall resell the same, in which case the proceeds should go to the seller, was invalid as against the buyer's trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

In Bankruptcy. Intervention of John Deere Plow Company. Petition to review referee's order by intervener.

Saussy & Saussy and E. K. Overstreet, for petitioner.
Albert S. Anderson, in pro. per.

SPEER, District Judge. This case is presented by a petition to review the findings of Hon. A. H. MacDonell, referee in bankruptcy,

and is brought by the John Deere Plow Company, who seek recaption of certain cultivators and farming implements, found among the bankrupt's assets. The petitioner claims title, and the right to retake these articles, by virtue of contracts which it is insisted are merely conditional sales. The contracts were in writing, but they were not recorded, nor were they attested by any witness. The questions here are whether such contracts are effective to retain the title in the vendor, and whether such vendor's lien or retention of title, in the absence of record and attestation also, should be maintained as a property right superior to the title of the trustee in bankruptcy, who claims for the benefit of general creditors. There is no proof that any actual notice of the alleged conditional character of the sales was given to any creditor, and the case must be determined upon the construction of the contracts themselves, in connection with the law of Georgia relating to conditional sales of personal property. This may be found in Civ. Code 1895, § 2776, and is as follows:

"Whenever personal property is sold and delivered with the condition affixed to the sale that the title thereto is to remain in the vendor of such personal property until the purchase price thereof shall have been paid, every such conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing, and not otherwise. And the written contract of every such conditional sale shall be executed and attested in the same manner as mortgages on personal property; as between the parties themselves, the contract as made by them shall be valid, and may be enforced whether evidenced in writing or not."

The provision making the record mandatory is expressed in section 2777, in the language following:

"Conditional bills of sale must be recorded within 30 days from their date, and in other respects shall be governed by the laws relating to registration of mortgages."

In the construction of state statutes defining property rights, the United States courts generally follow the rulings of the supreme appellate tribunal of the state. Mutual Life Insurance Co. v. Lane (C. C.) 151 Fed. 280. This is peculiarly true as to real property, but it is also true as to other property rights. A clear statement of this doctrine may be found in Bates' Federal Equity Procedure, vol. 1, par. 9. The doctrine is particularly valuable in the administration of the bankruptcy law, for the reason that it conserves the liens which are created and recognized by the laws of the states. Statutes creating such liens, however, are in derogation of the rights of the general creditor, which are common rights, and under the well-known general principle such statutes must be strictly construed. Presumptively the possession of property by the bankrupt is vested by operation of law in the trustee, and when a claimant thereto insists upon a latent or undisclosed title he must bear the burden of showing his superior right or privilege. It is then the duty of the court to regard critically the statutes of the state, as authoritatively construed by state courts, and determine each case accordingly.

The questions before the court have been discussed orally, and elucidated, also, by the able and elaborate briefs of counsel. No recent case has been cited, save In re Atlanta News Publishing Co. (D. C.)

160 Fed. 521, opinion by District Judge Newman. Counsel for the petitioner not unnaturally rely with great confidence upon the opinion of this experienced and eminent jurist, which is to the effect that unattested and unrecorded conditional sales are valid and superior to the claims of general creditors. On careful analysis of the opinion, with great deference to my learned Brother, it appears to me to be based upon earlier decisions of the Supreme Court of the state, in Conder v. Holleman & Ballard, 71 Ga. 93, Mann v. Thompson, 86 Ga. 347, 12 S. E. 746, Cottrell v. Merchants' & Mechanics' Bank, 89 Ga. 508, 15 S. E. 944, and Rhode Island Locomotive Works v. Empire Lumber Co., 91 Ga. 639, 17 S. E. 1012. These bear only indirectly upon the questions at issue, and seem to have been departed from in the evolution of the state law on this important topic. Indeed, the more recent decisions of the Supreme Court, except the case of Merchants' Bank v. Cottrell, 96 Ga. 168, 23 S. E. 127, it appears, were not presented to the learned judge when the question was argued before him. In that case there was this explicit holding:

"It was argued by counsel for defendants in error that attestation is required, not in order to give the paper validity, but merely to entitle it to record. We do not concur in this view. We think the plain import of the statute is that attestation is essential to the validity of the contract as against third persons, as well as a condition to its being admitted to record. * * * The main object of the statute was to prevent frauds and perjury, which, in the absence of such a law, might be practiced by debtors and others in collusion with them to defeat creditors seeking to subject to their claims property apparently belonging to the debtor"—citing Rhode Island Locomotive Works v. Empire Lumber Co., 91 Ga. 639, 17 S. E. 1012.

The court continued:

"This object could be very easily defeated, if nothing more were required than that the contract should be in writing. Parties colluding to defraud third persons could write and sign such a contract whenever it might suit their purpose to do so, making it bear date long prior to its actual execution, and establish it by their own testimony as easily as a pretended parol contract. Hence the importance of requiring, as the Legislature manifestly intended to do, that in order to be good as against third persons, it should not only be in writing, but should be executed in the presence of a witness and attested."

Other recent cases on this subject are equally explicit in support of this principle. In the case of Rhode Island Locomotive Works v. Empire Lumber Co., cited above, it was held:

"Prior to the statute referred to, it was not required that such a reservation should be in writing, or that notice should be given, to render it valid as against third parties. A parol reservation was good, not only against the vendee, but against all persons dealing with him; and under the statute it is still good as between the parties themselves.

"But the statute protects all third persons to the extent of requiring the contract to be evidenced in writing and witnessed by an attesting officer, in order to be good as against them, thus preventing frauds and perjury, which might otherwise be practiced by debtors and others in collusion with them to defeat creditors who seek to subject to their claims property apparently belonging to the debtor."

In Cunningham & Co. v. Cureton, 96 Ga. 489, 23 S. E. 420, the court held:

"There could not be any reservation of title as against third persons, unless the contract was attested in the manner prescribed by the statute."

Again, the principle is stressed in Harp v. Patapsco Guano Co., 99 Ga. 756, 27 S. E. 183, where it was said by Justice Lumpkin:

" * * * The statute provides, not merely that a contract of conditional sale be reduced to writing in order to operate as a reservation of title, but also that the contract must be attested as mortgages on personalty. The purpose of this requirement is obvious. A wide field for fraud would surely be opened, if the only requirement of the statute was that the contract should be in writing. * * * Providing for the attestation of such contracts, even if not entirely effectual to prevent fraud, at least renders its perpetration more difficult."

In Penland v. Cathey, 110 Ga. 432, 35 S. E. 659, there was a conflict as to priority between a fi. fa. issued upon an ordinary judgment and a claim made under a parol reservation of title. The court held:

"The reservation of title in the contract, not being effective against third parties unless evidenced in writing, title vested unconditionally in the defendant in fi. fa. by the terms of the verbal contract."

The property was held subject to the claim of the creditor. The most recent decision is that of Hill v. Ludden & Bates, 113 Ga. 320, 38 S. E. 752. This was made on a controversy between a vendor in a conditional sale and a purchaser of the property from the vendee. The court approved the previous rulings I have cited, and held that:

"A reservation of title embraced in a written contract for a sale of personalty is not, as against third persons, valid, unless the contract be attested by a subscribing witness."

It seems manifest from these rulings that the Supreme Court of the state has construed the language of the statutes upon conditional sales to mean the same thing as a statute against frauds and perjuries. See the language of Chief Justice Simmons in Rhode Island Locomotive Works v. Empire Lumber Co. and in Merchants' Bank v. Cottrell, supra. The attestation by a subscribing witness is essential, not only to its admission for record, but for the actual validity of the instrument itself, except as between the parties thereto, and, without strict compliance with the requisites of the statutes, such contracts are absolutely invalid to all third persons. That the general creditors of a bankrupt are third persons in the meaning of the law is scarcely open to question.

In the case of General Fire Extinguisher Co. v. Lamar, 141 Fed. 353, 72 C. C. A. 501, it was held in this court that, in the absence of notice to the general creditors of the reservation of title, such creditors were not bound by the contract of conditional sale, and the title to the property is vested in the trustee. This ruling was considered on appeal by the Circuit Court of Appeals of the Fifth Circuit; Judges Pardee, Shelby, and Maxey presiding. That elevated tribunal unhappily made no expression of its own views for the guidance of the profession and the public, but embodied in its opinion the full text of the ruling of the court below, and per curiam said:

"We find no error in the disposition of this case in the Circuit Court, and its judgment is therefore affirmed."

In the contracts upon which the petitioner here relies there is an additional feature, which discredits the alleged reservation of title. It is found in the clause relied upon, as follows:

"It is also agreed that the title to and ownership of, and the right to immediate and exclusive possession, upon demand, whether oral or written, to all goods which may be shipped as herein provided, or during the current season, shall remain in, and their proceeds, in case of sale, shall be the property of, the John Deere Plow Company, and subject to their order until full payment shall have been made for the same by the undersigned in money."

It would seem that the very essence of a reservation of title depends upon the fact that the property itself may not be conveyed by the vendee to an innocent third person. If the instrument expressly recognizes the possibility, and also the probability, of such sale, and provides for the apportionment of the proceeds, the transaction would seem to be a consignment for ordinary bargain and sale, rather than upon condition. Subdivision 5 of section 70 of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]), vests in the trustee the title of the bankrupt to "all property which prior to the filing of the petition he could by any means have transferred," etc. If, then, these cultivators and implements could have been the subject of transfer by the express authority of the instrument of sale, it seems clear that the title of the trustee is good as against the vendor.

For these reasons, the petition to review the decision of the referee will be denied, and his opinion affirmed.