### 9912. WITHERINGTON *v.* LAURENS COUNTY FARMERS CO-OPERATIVE WAREHOUSE CO.

JENKINS, J.  1.  While the general rule is that a warehouseman, as a depository for hire, will not be allowed to set up an adverse title in another as an excuse for his failure to deliver the property to his bailor on demand, and while it is incumbent upon the warehouseman to show the exercise of ordinary diligence, where such failure to deliver has been shown, still it is a general rule that a bailee, in an action against him by the bailor for the recovery of property deposited with him, may set up as a defense that the property was taken from him upon legal process fair on its face; provided that the bailee did not fail in any duty in connection therewith which he properly owed to his bailor, and that the bailor, if not a party to that proceeding, had been given full and ample notice thereof.  Thus, in an action by a bailor against his bailee, where the bailee shows that a suit for the property had been instituted by another, and that he promptly notified his bailor of the institution of that action, and was proceeding to defend therein the right and claim of his bailor to the property, the fact that he then proceeded, with the knowledge of his bailor, to surrender the property to the levying officer, in accordance with one of his options under the law in such cases, would not amount to a conversion on his part such as would render him liable in an action of trover instituted by his bailor, but his course and conduct as outlined would be sufficient to support a finding in the bailee's favor that he had exercised the degree of ordinary diligence required of him.  See Jensen *v.* Eagle Ore Co., 47 Colo. 306, as reported in 33 L. R. A. (N. S.) 681, with general note (107 Pac. 259, 19 Ann. Cas. 519); *Smith* v. *Frost*, 51 *Ga.* 337; *Nicholas* v. *Tanner*, 117 *Ga.* 223, 227 (43 S. E. 489).  See also *Central Bank* v. *Georgia Grocery Co.*, 120 *Ga.* 883 (48 S. E. 325); *Delaney* v. *Sheehan*, 138 *Ga.* 510, 514 (75 S. E. 632).

2. The admission of the testimony complained of in ground 2 of the amendment to the motion for a new trial was harmless; and the remaining grounds of the motion are without substantial merit.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED JANUARY 16, 1919.

Trover; from city court of Dublin—T. E. Hightower, judge pro hac vice. June 12, 1918.

Witherington bought of Hodges two bales of cotton and stored them for hire with the warehouse company. Subsequently the warehouse company was sued in bail-trover for the cotton by Summerlin, who claimed to be the true owner and entitled to possession of it by reason of the relationship of landlord and cropper existing between himself and Hodges. The warehouse company notified Witherington of the suit, and in his presence surrendered possession of the cotton to the sheriff, and as defendant therein it proceeded to defend the interests of Witherington. While the suit was still pending, Witherington made demand upon the warehouse company for the cotton, and upon its failure to comply with the demand brought the present action. The verdict was for the defendant. In the plaintiff's motion for a new trial, the refusal of which is assigned as error, it is alleged that the court erred in admitting in evidence Summerlin's suit in bail-trover, referred to above, over the objection that it was irrelevant. In ground 2 of the amendment to the motion a like objection is made as to the petition and answer in a suit of Summerlin against Hodges, admitted in evidence. In another ground it is alleged that the court erred in charging the jury: "If you believe, from the evidence, that the sheriff seized the cotton in question under bail-trover proceedings and valid process, and that the plaintiff, J. H. Witherington, knew of such seizure and was notified of such seizure by the warehouse company, it would be your duty to find for the defendant. I charge you further that if you believe the sheriff seized the cotton in question under valid process, and the surrender of the cotton was made by the warehouse company in obedience to such process, such surrender on the part of the warehouse company would have been legal, if such company immediately notified J. H. Witherington. I charge you that when bail process is served upon a defendant, he has the legal right to surrender the property instead of giving bond for the same."

*Larsen & Crockett,* for plaintiff. *R. Earl Camp,* for defendant.