### 16715.  Gay *v.* Carpenter.

Stephens, J. 1. The failure of the seller of personal property to record the written contract which reserves in the seller an interest in the property sold as security for the balance of the purchase money does not result in a discharge of the surety on the contract where it appears that the surety was not damaged. *Seymour* v. *Bank of Thomasville,* 157 *Ga.* 99 (4) (121 S. E. 578).

2. Protest of a promissory note is not required as against a surety thereon. *Hunnicutt* v. *Perot,* 100 *Ga.* 312 (27 S. E. 787) ; *Connor* v. *Hodges,* 7 *Ga. App.* 153 (3 *a*) (66 S. E. 546) ; *James* v. *Calder,* 7 *Ga. App.* 707 (67 S. E. 1125).

3. An indulgence in payment of a promissory note, granted by the payee to the maker, which is without consideration, does not constitute an agreement that will release a surety. Civil Code (1910), § 3544; *Baumgartner* v. *McKinnon,* 10 *Ga. App.* 219 (73 S. E. 519).

4. A retaking of property by the seller, for the purpose of holding it until the purchaser, who is the maker of a note for it, has paid part of the purchase money, and a release of the property then to the purchaser,

does not constitute a rescission of the contract. Where such retaking in no wise increases the surety's risk, the surety is not released.

5. This being a suit by the seller of personalty against the signers of a purchase-money note in which title to the property was retained in the seller as security for the debt, and the defense interposed by one of the defendants, who signed ostensibly as a maker of the note, being that he was a surety only, and that he was released from his obligation as such by certain acts and conduct of the plaintiff, it follows, from an application of the above rulings to the undisputed evidence, that none of the acts injured the surety or increased his risk, and a verdict for the plaintiff was properly directed.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 23, 1926.

Complaint; from city court of Waynesboro—Judge Davis. July 1, 1925.

*H. C. Hatcher, G. C. Anderson,* for plaintiff in error.

*E. M. Price,* contra.