18851.   COLUMBUS HEATING AND VENTILATING CO. *v.* BURT.

DECIDED MARCH 1, 1929.

*Charles G. Bruce,* for plaintiff.   *H. H. Turner,* for defendant.
STEPHENS, J.   The Columbus Heating & Ventilating Company brought in the municipal court of Atlanta a suit in trover against

W. E. Burt to recover a furnace of certain description, together with registers and smoke pipes, of an alleged value of $185, to which the petitioner claimed title.

From the defendant's plea and the undisputed evidence it appears that the defendant purchased the property from the plaintiff under a written contract by which the plaintiff reserved title to the property as security for the payment of the unpaid purchase-money; that it was agreed that the property sold should remain "personal property" of the plaintiff until full payment of the purchase-money; that, in default of payment in accordance with the terms of the contract, the plaintiff could enter upon the premises upon which the property had been installed and remove the property; that at the time of the institution of the suit the defendant was not in possession of the property sued for, by reason of the fact that it had become part of the realty, and as part of the realty had been sold by the sheriff under an execution against the defendant, and that the realty, including the property sued for, had been bought by a third person; that the plaintiff's contract had never been recorded, and the purchaser at the sheriff's sale had bought the real estate, including the property sued for, without notice of the plaintiff's rights under the contract. It does not appear that at the time of the levy and sale of the real estate, including the property sued for, the defendant made any effort to preserve the property or to conserve the plaintiff's interest, either by notifying the plaintiff of the levy and sale of the property or by any other means whatsoever. It appears that at some time a demand on the defendant was made by the plaintiff and a compliance with the demand was refused. No issue was made upon the correctness of the amount sued for.

A judgment was rendered for the plaintiff in the full amount sued for. On appeal by the defendant to the appellate division of the municipal court this judgment was affirmed. By certiorari the defendant excepted to the judgment of the appellate division. The certiorari was sustained by the judge of the superior court, and a final judgment for the defendant was rendered, and thereupon the plaintiff excepted.

Although personal property has, by having been attached to the land, become a part of the realty, it may, nevertheless, by contract, be treated, to all intents and purposes, by the contracting parties

as personalty. See construction of contract sued on in *Columbus Heating & Ventilating Co.* v. *Burt,* 166 *Ga.* 158 (142 S. E. 551). See also *Wright* v. *DuBignon,* 114 *Ga.* 765 (40 S. E. 747, 57 L. R. A. 669); *Richards* v. *Gilbert,* 116 *Ga.* 382 (42 S. E. 715); *Power* v. *Garrison,* 141 *Ga.* 429 (81 S. E. 225); *Armour* v. *Block,* 147 *Ga.* 639 (95 S. E. 228); *Smith* v. *Odom,* 63 *Ga.* 499; *Pendley Brick Co.* v. *Hardwick,* 6 *Ga. App.* 114 (64 S. E. 664); *Empire Cotton Oil Co.* v. *Continental Gin Co.,* 21 *Ga. App.* 16, 18 (93 S. E. 525). Trover therefore will lie at the instance of one of the parties to the contract against the other for the conversion of the property. One in possession of personal property as the purchaser may, while the title thereto is in the seller, be guilty of a conversion of the property, where he permits it to be levied on and sold for his own debt under an execution against him in favor of another without notifying the seller of the levy and giving the seller an opportunity to protect himself. *Witherington* v. *Laurens County Warehouse Co.,* 23 *Ga. App.* 307 (98 S. E. 228); *Hancock* v. *Anchors,* 26 *Ga. App.* 125 (105 S. E. 631); *Woodbury* v. *Atlanta Dental Supply Co.,* 36 *Ga. App.* 548 (137 S. E. 302).

The fact that the seller had failed to record the contract by which it had retained title, and that by this failure the holder of the execution against the purchaser did not have constructive notice of the seller's title, does not deprive the act of the purchaser, in failing to notify the seller of the seizure of the property under the levy, of its character as an act of conversion of the property, nor does it show that the seller has not been damaged by the purchaser's conversion of the property. If the plaintiff had had notice of the levy, although the contract retaining title in the plaintiff was unrecorded and did not constitute constructive notice to the holder of the execution, the plaintiff, nevertheless, might have been able to assert his title as against the lien of the holder of the execution, upon the ground, perhaps, that the latter had had actual notice, prior to the levy, of the plaintiff's title, or upon some other ground. It was the plaintiff's right to have the opportunity to contest the levy, and what this opportunity might have been worth to the plaintiff is no concern of the defendant. See, in this connection, *Rhode Island Locomotive Works* v. *Empire Lumber Co.,* 91 *Ga.* 639 (17 S. E. 1012).

As between the parties themselves, the reservation of title in the

contract is good, in the absence of any record of the contract, and the failure of the plaintiff to record the contract simply deprives the plaintiff of a right which it otherwise would have had as against a stranger purchasing the property bona fide and without actual notice of the plaintiff's title. *Bacon* v. *Hanesley,* 19 *Ga. App.* 69 (90 S. E. 1033). The failure of the plaintiff to record his contract, therefore, can not inure to the benefit of the defendant. Whether the defendant in trover can defend by showing an outstanding title paramount to the plaintiff's, he can not defend by showing an outstanding title acquired from himself, as for instance, a title in another person acquired by virtue of a levy and sale of the property under an execution against himself.

The verdict for the plaintiff in the municipal court was as a matter of law demanded, and the superior court erred in sustaining the certiorari.

*Judgment reversed. Bell, J., concurs. Jenkins, P. J., dissents.*