19712.  Jones *v.* Williams *et al.*

Bell, J.  1.  "Under a conditional bill of sale the seller, independently of the contract, has a right to the possession of the property sold, when the buyer fails to pay therefor, and can retake the property."

2.  Such a retaking of the property by the seller will amount to a rescission of the contract of sale, but not to a conversion.  *Snook* v. *Raglan,* 89 *Ga.* 251 (2) (15 S. E. 364) ; *Wilmerding* v. *Rhodes-Haverty Furniture Co.,* 122 *Ga.* 312 (2) (50 S. E. 100) ; *Cornett* v. *Newsome,* 27 *Ga. App.* 340 (3) (108 S. E. 254) ; *Taylor Iron Works &c. Co.* v. *Everett,* 40 *Ga. App.* 683, and citations.

3.  Where, although the contract has been rescinded by the act of the seller in repossessing the property, the purchaser tenders the balance of the purchase-money and the seller accepts it, the sale contract is revived, and the purchaser is entitled to the property.

4.  Where under a contract of sale the buyer is entitled to the possession of the property, but the same remains lawfully in the possession of the seller, the latter is not guilty of a conversion merely because he does not voluntarily deliver the property to the buyer on the payment of the balance of the purchase-money (*Baston* v. *Rabun,* 115 *Ga.* 378, 41 S. E. 568) ; and if before any demand for its delivery is made the property is seized and taken from the possession of the seller . under valid legal process issued against the buyer, of which fact the buyer has notice in ample time to protect whatever rights he may have, the seller is absolved and will not thereafter be liable to the buyer in an action of trover for the recovery of the property. *Witherington* v. *Laurens County Warehouse Co.,* 23 *Ga. App.* 307 (98 S. E. 228).

5.  An execution issued by a justice's court within four days from the date of the judgment is irregular but not void, and can not be collaterally attacked.  *Knoxville City Mills Co.* v. *Lovinger,* 83 *Ga.* 563 (10 S. E. 230).

6.  Where a levying officer makes an entry upon a fi. fa. to the effect that he "has levied the within fi. fa." upon described property, and the levy bears a date anterior to that of the fi. fa., there is a presumption of clerical mistake either in the date of the fi. fa. or in the date of the levy, and the court will not assume, without evidence, that the fi. fa. was not in existence at the time of the levy.  *Griffin* v. *Wise,* 115 *Ga.* 610 (3) (41 S. E. 1003) ; 23 C. J. 453.

7.  While the seizure pleaded by the defendant in the present trover action was made under pleadings that were irregular, the defects were not such as to have enabled the defendant to resist the seizure, and since the parties (the present plaintiffs) against one of whom the proceedings were issued had immediate and actual notice of the seizure thereunder, and could have protected themselves, the defendant is not accountable for the property so taken, irrespective of whether he gave, or should have given, notice of the seizure to the parties at interest.  *Sheppard* v. *Roberson,* 106 *Ga.* 757 (32 S. E. 665) ; *Smith* v. *Frost,* 51 *Ga.* 336.

8.  The above is a treatment of the case as it would have appeared had

the court admitted the documentary evidence tendered by the defendant. The court erred in excluding this evidence and in thereafter directing a verdict in favor of the plaintiffs.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 27, 1930.

*Lambert & Baldwin,* for plaintiff in error. *M. C. Few,* contra.