24428.   BRAY *v.* C. I. T. CORPORATION.

Decided April 26, 1935.

*Robert S. Wingfield, Stephen C. Upson,* for plaintiff in error.
*Green & Michael, John L. Green,* contra.

GUERRY, J.   Only the first headnote needs elaboration.   The C. I. T. Corporation brought an action in trover for the recovery of a certain automobile in the possession of Bray.   Defendant admitted title to the property in the plaintiff, but alleged that he had paid $1321 on the purchase-price of the automobile, and alleged that a fair rental value of the car for the period during which it was in his possession was $400, and prayed for a judgment for the difference between the amount paid and the fair rental value.   Plaintiff amended its petition and alleged that a fair rental value of the automobile was $2000, and that the car was greatly mistreated by the defendant while in his possession and suffered large damage over and above ordinary wear and tear, in the sum of $400.   Defendant having admitted title to the property in the plaintiff, the court submitted to the jury two questions, to wit:   (1) what was the fair and reasonable hire for the automobile for the time it was used by the defendant; and (2) whether or not the car suffered any depreciation on account of damage or injury over and above the damage caused by ordinary wear and tear of the automobile, and if so, how much; directing that they should find for the plaintiff as to the possession of the car.   The jury returned a verdict for the plaintiff for the possession of the car.

The general grounds of the motion for new trial are without merit.   "The bringing of a suit in trover by a vendor of personal property who has reserved title thereto in himself until payment of the purchase price and his recovery of the property thereunder amount to a rescission of the contract of purchase."   *General Motors Acceptance Corp.* v. *Coggins,* 178 *Ga.* 643 (173 S. E. 841). Defendant admitted title to the property in plaintiff, and, under authority of section 4484 of the Civil Code (1910) (Code 1933, § 107-102) set up a counterclaim to recover the amount paid on the purchase-price of the automobile, less the fair rental value of the property, and also less the amount of damage sustained by the car over and above ordinary wear and tear, if any; to be determined by the jury.   There was ample evidence to the effect that the amount of a fair rental value of the property and the damage sustained by it over and above ordinary wear and tear was equal to the amount paid on the purchase-price by the plaintiff.   While it is true that "A vendor by conditional sale, who brings an action of trover and bail against his vendee, and receives from the execut-

ing officer the property by giving bond as provided in the Civil Code, § 4606 [Code of 1933, § 107-203], and who thereafter disposes of the property so as to put it beyond his power to produce, is not entitled to elect, on the trial of the case, to take a money verdict" (*Mallary Bros.* v. *Moon*, 130 *Ga.* 591, 61 S. E. 401), yet such action does prevent the plaintiff from setting off reasonable hire of the property and wear and tear over and above ordinary wear and tear, to the amount claimed by the defendant to be due him.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*