27877. Motor Contract Company v. Johnson.

Guerry, J. 1. Where A sues B as the purchaser of a conditional-sale contract which A executed to C for the purchase-price of an automobile, and alleges that B retook said automobile under the power contained in said contract and then failed to fairly exercise said power of sale, but sold the automobile for a sum very much less than its actual and market value at the time of the sale, and prays for a judgment for the difference between the actual value of the automobile and the amount for which it was sold, a cause of action is set forth.

2. "Under a conditional bill of sale the seller, [or the holder of the conditional-sale contract] independently of the contract, has a right to the possession of the property sold, when the buyer fails to pay therefor,

and can retake the property." *Enterprise Distributing Cor.* v. *Zalkin*, 154 *Ga.* 97 (3) (113 S. E. 409).

3. A rescission of the contract of sale by the seller under such circumstances gives the buyer the right to the return of so much of the purchase-price as has been paid, less a reasonable rental, and less any deterioration in the value of the property by damage over and above natural wear and tear which it may have sustained while in the possession of the purchaser. *Enterprise Distributing Cor.* v. *Zalkin*, supra; *General Motors Acceptance Cor.* v. *Coggins*, 178 *Ga.* 643 (173 S. E. 841); *Bray* v. *C. I. T. Cor.*, 51 *Ga. App.* 196 (179 S. E. 925).

4. The plaintiff in the present case is not seeking to recover the purchase-price paid, less a reasonable rental and deterioration by damage, but is asking the defendant finance company to reimburse him for the difference between what he owed said finance company and the actual value of the car at the time it was sold by the finance company. After paying itself, the finance company holds the balance from the sale of such car bought at such sale, for the benefit of the purchaser from whom it repossessed the car. Such an action may be construed as an action for money had and received. On the question whether the petition states a cause of action see *Citizens & Southern Bank* v. *Union Warehouse &c. Co.*, 157 *Ga.* 434 (6-9) (122 S. E. 327). This case having been transferred to this court by the Supreme Court, we so construe it, and apply the equitable principles which are proper in such cases. *Dobbs* v. *Perlman*, 59 *Ga. App.* 770, 774 (2 S. E. 2d, 109).

5. Although the defendant finance company may have had the title to the car which it repossessed, and may have had the right to sell it, it was obligated to make it bring its fair market value and to account to the plaintiff for the difference between the amount the plaintiff owed it and such value. As against a general demurrer the petition stated a cause of action.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED FEBRUARY 22, 1940.

*Hester & Clarke,* for plaintiff in error.
*Emanuel Kronstadt,* contra.