28743. REYNOLDS *v.* WILSON.
28748. COTTON *et al. v.* WILSON.

DECIDED FEBRUARY 15, 1941. REHEARING DENIED APRIL 3, 1941.

*J. F. Kemp, Carlisle Taylor, Paul L. Lindsay, Paul L. Lindsay Jr.,* for plaintiffs in error.

*J. L. Flemister,* contra.

FELTON, J. L. E. Wilson sued Mrs. W. A. Cotton, Miss Nell Smiley, and Mrs. I. M. Reynolds on a retention-of-title note and contract. The defendants pleaded that they were released from their obligations under the contract, by reason of the fact that L. E. Wilson, without the knowledge, consent, or approval of the defendants, removed the property to which title was retained. Judgment was rendered for Wilson against all the defendants. Their motion for new trial was overruled, and they excepted.

The sole question is whether Wilson rescinded the contract. The contract was transferred to a credit company, and was in its possession when Wilson took over the property. At the time he took

it, if he took it without authority, he was guilty of a trespass, but he did not rescind the contract because the right and title to the contract and the property were not in him. After he acquired possession of the property the contract was reassigned to him. He then instituted a suit on the contract. The contract authorized the holder to take possession of the property and retain all moneys paid thereon for the reasonable use of it, or to sell it at public or private sale and apply the proceeds, less certain expenses, to the contract and pay the buyer the surplus. Whether the act of Wilson in repossessing and retaining the property amounted to a rescission of the contract depends entirely on whether he exercised dominion over it as his own. The uncontradicted testimony in the case is Wilson's, and it shows conclusively that he repossessed the property for the purpose of protecting it, and that he never treated it as his own. He testified, in substance, that he tried to see the parties who bought the property; that he went where the property was one day, and the door was locked; that at a later date the door was open; that the property was located in a restaurant, but it was not in operation; that one time previously he had been by, and the door was open, and nobody was in the place of business; that the restaurant gave the appearance of not having been operated for several weeks; that the property was stored just as he got it, and all of it was intact; that he repossessed it for the purpose of protecting it and to prevent it from being stolen; and that he was ready to deliver it to the defendants when they paid what was due on the note.

It is doubtful whether the contract authorized the repossession of the property for any purpose other than an immediate sale under the terms of the contract, and whether it authorized possession pending the obtaining of a judgment and execution etc. However that may be, the act of Wilson, even though wrongful, would not amount to a rescission when he did not treat the property as his own. He did not exercise a dominion inconsistent with his claim against the defendants, even if his acts were inconsistent with their rights. He did not refuse to surrender it on demand. See 37 A. L. R. 98; 83 A. L. R. 963; 99 A. L. R. 1288; Jones on Chattel Mortgages & Conditional Sales, §§ 1294, 1316. The cases cited by the plaintiffs in error, such as *General Motors Acceptance Corporation* v. *Coggins*, 178 *Ga.* 643 (173 S. E. 841), where an

action in trover by the seller was held as a matter of law to be a rescission, and others in which the act of the seller was an exercise of dominion over the property as his own, or where he committed acts otherwise amounting to a rescission, are not applicable to the facts of this case. The uniform conditional sales act is not in effect in Georgia, and cases dealing with it are inapplicable. The judge did not err in overruling the motions for a new trial.

*Judgments affirmed. Sutton, J., concurs.*

STEPHENS, P. J., dissenting. It appears undisputed from the evidence that the seller repossessed the property without the purchaser's consent, and solely for the avowed purpose of preserving and saving the property from loss (it apparently having been exposed by the purchaser to loss), and not for the purpose of exercising any right which the seller may have had under the contract to repossess the property and sell it and apply the proceeds on the unpaid balance due of the purchase-price. There is no contention by the seller that when he took possession of the property the purchaser had defaulted in payment on the purchase-price. Under the seller's own contention he is holding the property for the benefit of the purchaser. The purchaser was entitled to the possession and the use of the property, under the terms of the contract of sale, until the property was repossessed or foreclosed on in some manner provided by the contract or by law. The seller seeks to hold the purchaser for the unpaid balance due on the purchase-price, while at the same time retaining possession of the property. This is contrary to the purchaser's rights under the contract. Under these circumstances, does a duty rest on the purchaser to follow up the property and demand possession thereof from the seller, or does the duty rest on the seller to seek out the purchaser and tender or surrender the property to him? In taking possession the seller prima facie asserted dominion over the property apparently as owner or as one entitled to possession. He did this without the purchaser's knowledge. Manifestly it seems that the duty here rested upon the seller to seek out the purchaser, who had no knowledge of what the seller had done or of the whereabouts of the property, and to tender or surrender the property to the purchaser. In retaining this property, without afterward undertaking to dispose of it by sale as provided in the contract of sale, and without tendering it back to the purchaser, the seller (irre-

spective of his motive and intention when repossessing the property) held it adversely to the purchaser and in contravention of the purchaser's rights. The seller in so doing asserted dominion over the property as his own; and having done so, his act amounted to a breach of the contract, which the purchaser could treat as a rescission relinquishing the purchaser from any obligation to pay the balance due on the purchase-money.

Moreover, it appears from his testimony that the seller was willing to deliver the property to the purchaser upon the purchaser's paying the balance due on the purchase-price. Construing the seller's testimony mostly strongly against him, the only inference authorized is that he was withholding from the defendant all right, title, or interest in the property until the defendant should pay to the seller the balance due on the purchase-price. This attitude of the seller was not in accordance with the terms of the contract of sale, but on the other hand was in violation of the terms thereof. Under the contract the purchaser was entitled to the possession of the property and the use thereof as long as he complied with the terms of the contract, notwithstanding the entire purchase-price had not been paid. It appears undisputed from the testimony that the contract had been rescinded by the seller, and therefore that the seller had no right to recover of the defendant the unpaid balance due on the purchase-price. *Gay* v. *Carpenter, 35 Ga. App.* 768 (134 S. E. 803), where it was held that "A retaking of property by the seller, for the purpose of holding it until the purchaser, who is the maker of a note for it, has paid part of the purchase-money, and a release of the property then to the purchaser, does not constitute a rescission of the contract," is distinguishable. In that case the property had been taken by the seller with the knowledge of the purchaser, and inferably with the purchaser's consent, to be held by the seller until past-due instalments on part of the purchase-price were paid, and after payment of these instalments the property had been redelivered to the purchaser and accepted by him; and at the time of the institution of the suit by the seller against the purchaser, to recover the unpaid balance on the purchase-price, the property was in the possession of the purchaser.

The verdict for the plaintiff was without evidence to support it, and the court erred in overruling the motion for new trial. This applies to both cases.