34946.   PARHAM *v.* HEATH *et al.*

DECIDED APRIL 12, 1954.

*W. S. Northcutt, R. J. Edwards,* for plaintiff in error.

*J. Robin Harris, Wm. B. Jones,* contra.

QUILLIAN, J. ■ Evidence that a person resided at a certain street address in a named county one year after and three years before the date of a conditional-sale contract, though circumstantial in its nature, is sufficient to present an issue of fact for

determination by a jury, notwithstanding the conditional-sale contract contains a reference to such person as "of" another and different county. A statement contained in a duly authorized officer's entry of service that a person is served with process at his most notorious place of abode, and designating such person's most notorious place of abode as a certain address in a named county, is evidence of the fact that such person resides at that address. *Greer* v. *Fergerson*, 104 *Ga.* 552 (30 S. E. 943) ; *Stegall* v. *Southwest Georgia Regional Housing Authority*, 197 *Ga.* 571 (30 S. E. 2d 196).

■ When the vendor of personal property delivers it into the possession of his vendee and takes a conditional-sale contract from the vendee, if such instrument is filed in the clerk's office of the superior court in the county of the residence of the vendee within 30 days of the date of its execution, it has priority over a junior judgment rendered against the vendee during that time. If the conditional-sale contract be filed for record more than 30 days after date of its executon, in the clerk's office of the superior court of the county of such residence and before a junior judgment is rendered against the vendee and the execution issued thereon is recorded, it still has priority over such junior judgment. If the conditional-sale contract is not filed for record in the office of the clerk of the superior court in the county of the vendee's residence within 30 days of the date of its execution, or before a junior judgment against the vendee is obtained and execution issued upon the same is recorded on the general execution docket of such county, the contract loses its priority over the junior judgment. Code § 67-1403.

As against a junior judgment, the actual knowledge of the rights of a holder of a conditional-sale contract does not dispense with the necessity of filing the conditional-sale contract for record as required by the statute. This is true because the priority of a conditional-sale contract and junior judgment is not dependent upon whether the junior-judgment creditor has notice or knowledge of the rights. of the holder of the conditional-sale contract, but is dependent simply upon whether the conditional-sale contract is filed for record within 30 days of the date of its execution, or thereafter recorded in the clerk's office of the vendee's residence before a junior judgment

is obtained against the vendee, and the execution thereon is recorded on the general execution docket of such county. In short, after the thirty-day period has elapsed from the date of the conditional-sale contract, the question of which of the instruments—a sales contract or a junior judgment—has priority over the other is simply a matter of which of them reaches the goal of recordation first. *Rhode Island Locomotive Works* v. *Empire Lumber Co.*, 91 *Ga.* 639 (17 S. E. 1012). The rule is different in reference to bills of sale to secure a debt. *Hill* v. *Ludden & Bates Southern Music House*, 113 *Ga.* 320 (38 S. E. 752).

What has been said above is not consistent with intimations to the contrary contained in *Columbus Heating &c. Co.* v. *Burt*, 39 *Ga. App.* 384, 386 (146 S. E. 918); and *Bank of Ringgold* v. *West Publishing Co.*, 61 *Ga. App.* 426, 429 (6 S. E. 2d 598). However, the intimations in each of the cases mentioned have been obiter dicta and not necessary to the decision in those cases.

It is obvious in this case that, if the vendor in the conditional bill of sale had desired to do so, he could have declared the contract of sale between him and the vendee rescinded and could have retained the property involved as his own and free of all liens against the vendee. *Jones* v. *Williams*, 40 *Ga. App.* 819 (151 S. E. 695); *Motor Contract Co.* v. *Johnson*, 61 *Ga. App.* 735 (2) (7 S. E. 2d 320). But that was a matter of election for the vendor in this case, and he did not elect to declare the contract rescinded, but by his own testimony, that "I still want him to have it if he'll pay for it. It is his except what he owes me for it," undisputed and unexplained, established that the contract was not rescinded. The mere holding of property abandoned by the vendee in possession of the vendor does not of itself rescind a conditional-sale contract. *Redman* v. *Woods*, 42 *Ga. App.* 713, 717 (157 S. E. 252); *Reynolds* v. *Wilson*, 64 *Ga. App.* 723 (13 S. E. 2d 853).

There is nothing in the act of 1931 (Ga. L. 1931, p. 153), or in the act of 1952 (Ga. L. 1952, p. 88), that in any way changes the rules governing the priority of conditional-sales contracts and junior judgments. The first of those acts applies only to bills of sale to secure debt and to security deeds. The latter act simply changes the rule that a conditional-sale contract must be recorded within 30 days in order to have priority over junior

30

liens and purchasers without notice from the vendee, to require simply that the conditional bill of sale be filed for record within that time. *Evans Motors of Georgia* v. *Hearn*, 53 *Ga. App.* 703 (186 S. E. 751); *Cairo Banking Co.* v. *Citizens Bank*, 63 *Ga. App.* 690 (11 S. E. 2d 806); *Mackler* v. *Lahman*, 196 *Ga.* 535, 537 (27 S. E. 2d 35).

From what has been said above, the court erred in withdrawing the case from the jury and in dismissing the levy, and for this reason the judgment of the trial court must be

Reversed. *Felton, C. J., and Nichols, J., concur.*