41545. WILLIAM FITZGERALD MILK PRODUCTS
CORPORATION v. KIMBRO SERVICE
WAREHOUSE, INC.

ARGUED SEPTEMBER 14, 1965—DECIDED OCTOBER 15, 1965.

*Frank W. Scroggins*, for plaintiff in error.

*Hilton M. Fuller, Jr., Alford Wall*, contra.

HALL, Judge. As a general rule a bailee is excused from returning the subject matter of the bailment where the goods are taken from him by authority of law and the bailee gives notice or the bailor has knowledge thereof, so that the bailor has an opportunity to litigate his right to the property. *Witherington v. Laurens County Farmers Co-Op. &c. Co.*, 23 Ga. App. 307 (98 SE 228); *Hancock v. Anchors*, 26 Ga. App. 125 (105 SE 631); *Jones v. Williams*, 40 Ga. App. 819 (151 SE 695); 8 CJS 463, Bailments, § 37; 8 Am. Jur. 2d 1072, Bailments, § 187.

The controlling issue in this case is whether the evidence demanded a finding that the defendant gave notice to the plaintiff, through its agents, of the fact that the defendant was served by a United States deputy marshal on January 9, 1964, with the court proceedings for seizure and condemnation of the property, which gave notice of a hearing thereon in the United States District Court on February 7, 1964. For the defendant, Mrs. Mason testified that she was an officer of and owned an interest in the defendant company, and operated its business office. She testified that she was positive that she telephoned the Lanier Company (the plaintiff's agent) on January 9, 1964, and notified it that the papers had been served; she talked with either Mr. Heard or Mr. Lanier—to the best of her recollection it was Mr. Heard. She testified that on February 19, 1964, when the goods were seized, she again called the Lanier Company and, the best she could recollect, talked with Mr. Lanier and told him that the goods were being picked up. Mr. Heard of the Lanier Company testified that the only conversation he had about this matter with Mrs. Mason was on February 19 and that he did not recall talking with her except on that date. Mr. Lanier did not testify. Mr. Heard's testimony contradicted Mrs. Mason's testimony that to her best recollection she talked with

him on January 9. Her testimony that she called the Lanier Company on January 9 and that it could have been Mr. Lanier she talked with is not directly contradicted. We are left with the question whether this evidence demanded a finding—necessary to support the directed verdict—that Mrs. Mason notified the Lanier Company on January 9 of the service of the proceedings for seizure and condemnation of the milk. When testimony is uncertain, or is that of an interested witness, or when there are circumstances the jury can weigh in determining the weight and credibility of the testimony, the jury is not bound to accept it as true although it is not contradicted by direct evidence. *Lewis v. Patterson*, 191 Ga. 348, 357 (12 SE2d 593; *Redd & Co. v. Lathem & Sons*, 32 Ga. App. 214 (123 SE 175); *Wilson v. Gray*, 34 Ga. App. 320 (129 SE 297); *Newsom v. Reynolds Chevrolet Co.*, 43 Ga. App. 376 (158 SE 763); *McRae v. Wilby*, 59 Ga. App. 401, 409 (1 SE2d 77); 32A CJS 727 et seq., § 1038; 20 Am. Jur. 1030, § 1180. In the present case that aspect of Mrs. Mason's testimony that was not directly disputed did not demand belief that she gave the notice in dispute to the Lanier Company on January 9. The trial court erred in directing the verdict.

*Judgment reversed. Bell, P. J., and Frankum, J., concur.*