## 55600. AZAR v. ACCURATE CONSTRUCTION COMPANY, INC.

BIRDSONG, Judge.

Azar appeals from the order of the trial court granting judgment in favor of Accurate Construction Co., Inc. (Accurate). *Held:*

1. Accurate brought suit against Azar Investment Co., as a partnership, alleging an indebtedness arising out of a contract to furnish labor and materials. Thereafter, pursuant to a motion filed by Accurate, the trial court ordered that Donald S. Azar (Azar), as an individual, be added as a party defendant. The original pleadings filed by Accurate named as defendant "Azar Investment Company, a Georgia Corporation"; however, the original pleadings were, by subsequent amendment, stricken insofar as they alleged "that the defendant is a corporation."

First, stricken or amended pleadings may not be used to work an estoppel against the pleader. *Bray v. C. I. T. Corp.,* 51 Ga. App. 196 (7) (179 SE 925). Second, alternative pleading is specifically authorized by Code Ann. § 81A-108 (e). See *Bacon v. Winter,* 118 Ga. App. 358 (3) (163 SE2d 890). Appellant's contention that Accurate was bound or otherwise estopped by its stricken pleadings is without merit.

2. As to the general grounds, "[t]his court has held that the 'any evidence' rule applies to a judge sitting without a jury, and his judgment will not be disturbed if there is any evidence in the record to sustain it. [Cit.]" *McDaniel Printing Co. v. Ben Meadows Co.,* 144 Ga. App. 419, 420 (241 SE2d 58). "Concomitant with this principle is the directive that 'after judgment every presumption and inference favors it and the evidence must be construed to uphold rather than to destroy it.' [Cit.]" *Kingston Development Co. v. Kenerly,* 132 Ga. App. 346, 349 (208 SE2d 118). Viewed according to the above-stated rules, the evidence showed that appellant signed the work order, or authorization, pursuant to which the indebtedness which is the subject matter of the instant action arose, and that appellant personally supervised and directed the work performed pursuant to the work

order, without disclosing or otherwise indicating an agency relationship. Thus, even assuming, arguendo, "that the findings of fact contended for by the [appellant] would have been authorized by the evidence presented on the trial, yet, where the facts found by the trial court were authorized by the evidence such findings will not be set aside." *Brook Forest Enterprises v. Paulding County,* 231 Ga. 695 (203 SE2d 860).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED APRIL 10, 1978 — DECIDED
JUNE 20, 1978.

*Claude E. Hambrick,* for appellant.
*Jones, Wilson & Tomlinson, Robert P. Wilson,* for appellee.