65859. JARMAN v. HINSON et al.

SHULMAN, Chief Judge.

Appellant Jarman, appellee Hinson, and a nonparty to the case formed Grabber Manufacturing Company in 1972 to manufacture and sell appellant's invention. In 1972, 1974, and 1979, the parties entered into contracts, each of which, among other things, provided for a method of computing the royalties to be paid appellant. When a controversy arose between the parties as to the interpretation of the contractual provisions concerning the royalty payments, appellant sought declaratory relief. He now appeals from the judgment entered by the trial court, sitting also as trier of fact.

Appellant's enumeration of errors is a compilation of mistakes allegedly made by the trial court in its construction of the various contractual phrases at issue. It is apparent from a perusal of the final order by the trial court that it had determined that the disputed contractual terms were ambiguous. The existence or nonexistence of an ambiguity in a contract is a question of law for the court. *Salvatori Corp. v. Rubin,* 159 Ga. App. 369, 372 (283 SE2d 326). If application of the applicable rules of construction results in continuing ambiguity, questions for the trier of fact are presented. Id. However, " '[t]he cardinal rule of construction, to which all others are subordinate, is to ascertain the intention of the parties, and in order to do this the language of the agreement should be considered in the

light of the attendant and surrounding circumstances. The court should place itself as nearly as possible in the situation of the parties, in seeking the true meaning and correct application of the language of the contract. [Cits.]'" *Aetna Life Ins. Co. v. Padgett,* 49 Ga. App. 666, 669 (176 SE 702). The trial court attempted to discern the intent of the parties to the contracts by hearing their testimony and that of the drafting attorney. While the evidence as to intent was conflicting, there is evidence to support the findings of the trial court. Inasmuch as the "any evidence" rule is applicable to a judgment rendered by a court sitting without a jury, the judgment must be sustained. *Azar v. Accurate Constr. Co.,* 146 Ga. App. 326 (246 SE2d 381).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 1, 1983 —
REHEARING DENIED JUNE 15, 1983 — ▮▮▮▮▮▮▮

*Robert P. Killian, Edward E. Boshears,* for appellant.
*Wallace E. Harrell,* for appellees.